THE STATE OF OHIO, APPELLEE, *v.* REYNOLDS, APPELLANT.

(No. C-840749—Decided June 26, 1985.)

APPEAL: Court of Appeals for
Hamilton County.

*Richard A. Castellini,* city solicitor,
*Paul J. Gorman,* city prosecutor, and
*Terrence R. Cosgrove,* for appellee.

*Heinz W. Ahlers* and *Hamilton
County Public Defender's Office,* for appellant.

*Per Curiam.* This cause[1] came on to
be heard upon an appeal from the
Hamilton County Municipal Court.

In this appeal, the defendant-appellant, Michael Reynolds, seeks to
overturn a conviction for disorderly conduct that became a matter of record in
the municipal court pursuant to a
judge's finding of guilt following a trial
without the intervention of a jury. He
argues in the only assignment of error
given to us for review that he could not,
in law, have been found guilty of
disorderly conduct in its elevated version as a misdemeanor of the fourth
degree because the additional element of
proof required to increase the degree of
the offense from that of a minor misdemeanor precluded the conclusion that it
was a lesser included offense of assault,
which separately formed the basis of the
charge set forth in the complaint.

Reynolds's argument is, to a certain
degree, well-taken. The element necessary under R.C. 2917.11(E) to prove a
case for the fourth-degree misdemeanor
of disorderly conduct, *viz.,* the persistence of proscribed behavior after a
reasonable warning or request to desist,
possesses no significance in the separately codified definition of assault,[2] and
renders inescapable the conclusion that
an act of assault can be committed without also committing the elevated version
of disorderly conduct. It must be said,
therefore, by application of the standard
articulated in *State* v. *Wilkins* (1980), 64
Ohio St. 2d 382 [18 O.O.3d 528], that
disorderly conduct as a fourth-degree
misdemeanor under R.C. 2917.11(E) is
not a lesser included offense of assault
under R.C. 2903.13.

This does not, however, end our inquiry. Although the record before us indicates that Reynolds was given a
sentence consistent with that for a
fourth-degree misdemeanor,[3] the judge
presiding below found specifically at the
conclusion of the trial only that he had
engaged in fighting, which is generally

---

[1] We have decided *sua sponte* to remove
this case from our accelerated calendar for
the purpose of addressing the merits of the
appeal in this decision.

[2] The offense of assault appears in R.C.
2903.13 in the following manner:

"(A)   No person shall knowingly cause or
attempt to cause physical harm to another.

"(B)   No person shall recklessly cause
serious physical harm to another.

"(C)   Whoever violates this section is

guilty of assault, a misdemeanor of the first
degree."

[3] The sentence included thirty days of incarceration, twenty-seven of which were
suspended, a fine of $100, and one year of
probation. Although it was within the
guidelines of R.C. 2929.21(B) and (C) for a
fourth-degree misdemeanor, it was certainly
inappropriate for a minor misdemeanor
under R.C. 2929.21(D).

considered to be a minor-misdemeanor form of disorderly conduct under R.C. 2917.11(A)(1). There was no additional finding stated explicitly with respect to the aggravating element under R.C. 2917.11(E), and we find from our own review of the evidence that the element of persistence was not proven sufficiently. The evidence does, however, fully justify the judge's finding of a violation of R.C. 2917.11(A)(1).[4] Because the offense of disorderly conduct is, in this respect as a minor misdemeanor, a lesser included offense of assault, *State* v. *Roberts* (1982), 7 Ohio App. 3d 253, we must conclude that Reynolds was properly found guilty of disorderly conduct, but improperly sentenced for the elevated version of the offense. The assignment of error given to us for review is, accordingly, sustained, but only in part.

Ordinarily in a case such as this involving an error in sentencing, we would vacate only that part of the judgment involving the imposition of sentence and allow the rest to stand pending a remand for appropriate corrective action. Although there may be some dispute here concerning the propriety of such a course in view of certain imprecisions in the disposition below, we must assume from what is before us that there has been a valid finding of guilt for a minor-misdemeanor offense. Accordingly, we hereby vacate only the sentence imposed on the defendant-appellant and remand this cause to the Hamilton County Municipal Court for the limited purpose of resentencing in accordance with the applicable statutory standards for a minor misdemeanor.

*Sentence vacated and cause remanded.*

SHANNON, P.J., DOAN and HILDE-BRANDT, JJ., concur.

---

[4] There is evidence in the record to demonstrate that the complainant, one Linda Egner, intervened in an altercation between Reynolds and a third party, by her account in the role of peacemaker. As she and Reynolds struggled for control of a beer bottle, Reynolds either shoved her or punched her with force sufficient to knock her to the ground and to produce a laceration on her chin.