The STATE of Ohio, Appellee,

v.

STUBER, Appellant.

[Cite as *State v. Stuber* (1990), 71 Ohio App.3d 86.]

Court of Appeals of Ohio,
Allen County.

No. 1–89–64.

Decided Dec. 31, 1990.

*David A. Rodabaugh,* City Law Director, for appellee.

*Michael W. Stuber, pro se.*

THOMAS F. BRYANT, Judge.

This is an appeal by Michael W. Stuber from a judgment of the Lima Municipal Court finding him not guilty of domestic violence but guilty of the lesser included offense of disorderly conduct in violation of R.C. 2917.11(A)(1) and (A)(5) and imposing a $100 fine.

Appellant was charged with domestic violence upon the complaint of Marcia Stuber. At arraignment, appellant pleaded not guilty to the charge and was released from custody upon his $250 cash appearance bond, subject to the terms of a temporary protection order entered after hearing in which appellant participated.

The matter came on for trial to the court with appellant represented by the public defender. At the close of all the evidence, the court took the matter

under advisement, subsequently rendering the judgment from which appeal is taken.

Appellant, presenting his appeal *pro se*, asserts four assignments of error, the first of which is:

"I.   The trial court erred in that the defendant-appellant was never served with a properly issued warrant, thereby causing the defendant-appellant to become the only real injured party to the action."

A warrant was issued for appellant's arrest, signed by a deputy clerk of the Lima Municipal Court.  Appellant argues as error the deputy clerk's want of authority to issue the warrant upon which he was arrested.

■   Crim.R. 4(A) provides that "a warrant for the arrest of the defendant * * * shall be issued by a Judge, clerk of court, or officer of the court designated by the judge * * *."   R.C. 1901.31(H) provides that a deputy clerk of a municipal court, when qualified as such, "may perform the duties appertaining to the office of the clerk."

Thus, in the absence of a showing that the individual purporting to sign and issue an arrest warrant with authority as deputy clerk of a municipal court did, in fact, have no such authority, such authority is to be presumed.

■   The record herein discloses no motion or objection by appellant or counsel in the trial court, timely under the rules or otherwise, to challenge the authority or qualifications of the deputy clerk to issue the warrant in question.   In the absence of such, the defect, if any, must be deemed to have been waived.  Crim.R. 12(G); App.R. 12(A).   Therefore, because defects in the institution of criminal proceedings may not be raised as error for the first time on appeal, we presume the regularity of the proceedings, and finding the first assignment of error to be without merit, overrule it.

Appellant's second assignment of error is:

"II.   The trial court erred as a matter of law when it failed to give notice to the defendant-appellant of the convicted charge, thereby depriving him of due process and equal protection of the laws."

■   Appellant argues that he was convicted of an offense with which he was not formally charged.   Therefore, he argues further, neither he nor his counsel was able to adequately defend against that charge.

The record discloses that the trial court found appellant guilty of disorderly conduct rather than domestic violence as charged in the complaint.   It is clear from the trial court's first and second amended judgment entries that the court found appellant guilty of a lesser offense, disorderly conduct, included in the greater offense of domestic violence.

It is not necessary for the prosecution or the court to formally present a defendant with written charges of each lesser offense which may be proven by elements necessary for proof of the greater. A greater offense properly charged *a fortiori* charges the lesser included offenses by implication:

"Where the elements of a separate offense are present with others in the offense charged in an indictment, such separate offense is a lesser included offense." *State v. Kuchmak* (1953), 159 Ohio St. 363, 50 O.O. 327, 112 N.E.2d 371, paragraph two of the syllabus.

Crim.R. 31(C) provides that upon trial of a criminal charge, "if lesser offenses are included within the offense charged, the defendant may be found not guilty of the degree charged but guilty of * * * a lesser included offense."

It has been held that in appropriate circumstances disorderly conduct is a lesser included offense of domestic violence. In *State v. Amos* (Jan. 15, 1988), Lake App. No. 12–088, unreported, 1988 WL 4622, the court of appeals stated:

"[A] person cannot knowingly cause or attempt to cause physical harm to a family member or member of the household without at the same time recklessly causing him 'inconvenience, annoyance, or alarm' by threatening harm or by engaging in violent or turbulent behavior."

We have previously held in *Bucyrus v. Fawley* (1988), 50 Ohio App.3d 25, 29, 552 N.E.2d 676, 679, that although there can be domestic violence without fighting, "it cannot occur without a threat of harm or by engaging in violent or turbulent behavior."

In the complaint before the trial court, it was charged in the language of R.C. 2919.25(A) that "Michael W. Stuber did knowingly cause or attempt to cause physical harm to a family or household member, to wit: Marcia Stuber."

The elements of R.C. 2919.25(A) are knowingly causing or attempting to cause physical harm to a family or household member. The elements of R.C. 2917.11(A)(1) as they might relate to the charge against appellant are recklessly causing inconvenience, annoyance or alarm by threatening harm to persons or by violent or turbulent behavior.

There is substantial, credible evidence shown by the record to support a finding by the court that appellant had engaged, if not in all the elements of domestic violence, then in "threatening harm to persons" and engaging in "violent or turbulent behavior," thereby "recklessly causing inconvenience, annoyance or alarm to another" as prohibited by the disorderly conduct statute, R.C. 2917.11(A)(1). Such meets the test for finding a lesser included offense established in *State v. Kidder* (1987), 32 Ohio St.3d 279, 283, 513 N.E.2d 311, 315, and the test for the requisite quality and quantum of

evidence established by *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132.

Appellant's abstract equal protection and due process objections are not portrayed by the record and in any event were not raised in any way in the trial court. We therefore do not address them.

The second assignment of error is overruled.

Appellant's third assignment of error is:

"III. The trial court erred as a matter of law by not informing the defendant-appellant of his *Miranda* rights, either at the time of arrest, or before arraignment, and further erred when it failed to follow the procedures outlined in the Criminal Rules of Procedure adopted by the Supreme Court of Ohio."

Appellant complains that he was not informed of his so-called *Miranda* rights at the time of his arrest. However, the record does not disclose that any statement of appellant's was offered in evidence at trial. It further appears that appellant testified on direct and cross-examination at trial. Moreover, the matter was not presented to the trial court for consideration of potential exclusion of any improperly obtained statements or evidence obtained in violation of appellant's right to counsel and to remain silent. Such claims may not be raised initially on appeal.

We have previously found to be without merit appellant's claims of prejudice due to improper issuance of the warrant by which he was arrested and of his conviction of a lesser included offense.

Appellant also complains that the trial court failed to follow Crim.R. 10(A), 10(B) and 10(C) concerning arraignment. The record discloses that appellant, at arraignment, entered a plea of not guilty to the charge against him and upon his claim of indigence, counsel was appointed to represent him and assist in his defense of the charge against him. Although the record of arraignment appears to be incomplete, under the circumstances appellant has suffered no prejudice, if indeed the trial court omitted some or all the requirements of Crim.R. 10 concerning advice to him by the court of his rights in the proceedings to follow. Without prejudice to appellant, the error claimed is harmless.

The third assignment of error is without merit and is overruled.

For his fourth assignment of error, appellant asserts:

"IV. The trial court erred as a matter of law when it allowed the trial court judge to wilfully, knowingly, and intentionally deface a public document or instrument, in violation of Ohio Revised Code [Chapter] 149."

■ Apparently appellant accuses the trial judge of perpetrating a misdemeanor. Such an accusation is not a proper matter of appeal and, if it were so, is not portrayed by the record.

The record does disclose the trial court's correction of its original judgment entry convicting appellant of disorderly conduct, first by amendment finding appellant not guilty of domestic violence but guilty of disorderly conduct and finally by interlined and dated notations granting to appellant extended time limits within which to pay his fine and costs.

Both amendments are proper and appropriate in the circumstances and contrary to appellant's assertions of prejudicial error, appear to be favorable to him and for his benefit. Clearly the judgment of conviction of disorderly conduct was not enhanced or altered in any way prejudicial to appellant.

The fourth assignment of error is also overruled.

■ At oral argument of this cause appellant appeared and argued *pro se* after first advising the panel that he had filed suit in the Common Pleas Court of Allen County, naming among the defendants therein the three members of this court of appeals panel assigned to hear and decide his appeal. Appellant claimed his having sued them disqualified the judges of the panel from hearing or deciding his case. Appellant, having lodged his objection proceeded to argument, the panel noting his objection.

Chief Justice Moyer has held:

" * * * [T]he fact that a judge may be an adverse party in another case will not by itself automatically result in disqualification * * *.

" '[I]f we were to hold as a matter of law that a party can obtain disqualification of a sitting judge merely by filing suit against him, the orderly administration of judicial proceedings would be severely hampered and thwarted.' *Smith v. Smith* (App.1977), 115 Ariz. 299, 303, 564 P.2d 1266, 1270." *In re Disqualification of Hunter* (1988), 36 Ohio St.3d 607, 608, 522 N.E.2d 461, 462.

Therefore, no further proceedings for disqualification having transpired and finding ourselves to be without adverse interests or bias against appellant in this proceeding, having taken appellant's objection based on claimed disqualification under advisement, the members of the panel of this court assigned to the appeal now overruling such objections, for the reasons stated and upon the authorities cited affirm the judgment of the Lima Municipal Court and remand the same to that court for execution.

*Judgment affirmed.*

SHAW, P.J., and EVANS, J., concur.