The STATE of Ohio, Appellee,

v.

BURGESS, Appellant.

[Cite as *State v. Burgess* (1992), 79 Ohio App.3d 584.]

Court of Appeals of Ohio,
Warren County.

No. CA91–08–063.

Decided May 18, 1992.

*James A. Whitaker*, Lebanon City Prosecutor, for appellee.

*Fowler & Cole* and *Thomas T. Cole*, for appellant.

*Per Curiam.*

Defendant-appellant, Brian Burgess ("appellant"), appeals a conviction in the Lebanon Municipal Court for disorderly conduct.

On May 30, 1991, appellant was charged by complaint with domestic violence pursuant to R.C. 2919.25(A). The matter was tried to the court on July 8, 1991. The evidence at trial showed that appellant and his wife, Cathy Burgess, had been having marital problems and were living apart. On May 25, 1991, at approximately 11:30 a.m., Cathy went to the marital residence to pick up a camcorder that had been purchased during the marriage. She let herself in with her key and saw appellant lying in a room adjacent to the living room. No words were spoken between the parties. Cathy did not make eye contact with appellant, but nevertheless she "knew" that he was aware of her presence. She picked up the camcorder and was in the process of walking toward the front door to make her exit when appellant grabbed her by the left arm. She held the camcorder up in her right hand while struggling with appellant with her left hand. Appellant also grabbed her legs. No blows were struck and no threats were made. Cathy testified that she did not perceive that appellant's actions were a personal physical attack upon her, but instead an attempt to physically prohibit her from taking the camcorder out of the apartment. Cathy Burgess received bruises on her arm and legs from the confrontation.

After hearing the evidence, the trial court found appellant not guilty of the offense of domestic violence. However, the court concluded that appellant's conduct constituted disorderly conduct pursuant to R.C. 2917.11(A)(1), (4) and (5) as a lesser included offense of domestic violence and that appellant was guilty of disorderly conduct as a fourth degree misdemeanor pursuant to R.C. 2917.11(E). This appeal followed.

Appellant presents two assignments of error for review. In his first assignment of error, appellant states that the trial court erred in finding him guilty of disorderly conduct as a lesser included offense of domestic violence. He argues that disorderly conduct as a fourth degree misdemeanor under R.C. 2917.11(E) is not a lesser included offense of domestic violence due to the additional element of persistence after reasonable warning or request to desist. We find this assignment of error to be well taken.

An offense may be a lesser included offense of another if (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove the commission of a lesser offense. *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus.

Appellant was originally charged with domestic violence in violation of R.C. 2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." The trial court found appellant guilty of disorderly conduct in violation of R.C. 2917.-11(A)(1), (4) and (5). R.C. 2917.11(A) provides, in pertinent part:

"No person shall recklessly cause inconvenience, annoyance or alarm to another, by doing any of the following:

"(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;

"* * *

"(4) Hindering or preventing the movement of persons on a public street, road, highway, or right-of-way, or to, from within, or upon public or private property, so as to interfere with the rights of others, and by any act which serves no lawful and reasonable purpose of the offender;

"(5) Creating a condition which is physically offensive to persons or which presents a risk of physical harm to persons or property, by any act which serves no lawful and reasonable purpose of the offender."

The degree of the offense of disorderly conduct is determined by R.C. 2917.11(E), which provides:

"Whoever violates this section is guilty of disorderly conduct, a minor misdemeanor, except that if the offender persists in disorderly conduct after reasonable warning or request to desist, or if the offender is within one thousand feet of the boundaries of any school, school premises, or school building disorderly conduct is a misdemeanor of the fourth degree."

Disorderly conduct meets two of the prongs of the test described in *Deem, supra.* Disorderly conduct, either as a minor misdemeanor or a fourth degree misdemeanor, carries a lesser penalty than the offense of domestic violence, which is a first degree misdemeanor. Further, domestic violence requires proof of an element, causing or attempting to cause harm to a family or household member, which is not required to prove the commission of disorderly conduct.

However, disorderly conduct as a fourth degree misdemeanor does not meet the third prong of the *Deem* test. It requires proof of the additional element of failure to desist after reasonable warning or request to desist. This additional element is not necessary to prove the charge of domestic violence. Therefore, the greater offense, domestic violence, can be committed without committing the offense of disorderly conduct as a fourth degree misdemeanor, and disorderly conduct as a fourth degree misdemeanor is not a lesser included offense of domestic violence. *State v. Reynolds* (1985), 25 Ohio App.3d 59, 60, 25 OBR 227, 228, 495 N.E.2d 971, 972. Accordingly, appellant's conviction for disorderly conduct as a fourth degree misdemeanor must be reversed.

Prior to concluding that appellant was guilty of the aggravating factor described in R.C. 2917.11(E), the trial court found that appellant was guilty of disorderly conduct as a minor misdemeanor pursuant to sections (A)(1), (4) and (5) of the disorderly conduct statute. In appropriate circumstances, disorderly conduct as a minor misdemeanor can be a lesser included offense of domestic violence.

We first note that R.C. 2919.25, the domestic violence statute, and R.C. 2903.13, the assault statute, are identical, except that under the domestic violence statute the offense must be committed against a family or household member. Several courts have found that disorderly conduct, as a minor misdemeanor under section (A)(1), engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior, is a lesser included offense of assault. *Reynolds, supra,* at 60–61, 25 OBR at 228–229, 495 N.E.2d at 971–972; *State v. Roberts* (1982), 7 Ohio App.3d 253, 254–255, 7 OBR 333, 334–335, 455 N.E.2d 508, 508–509. Noting that the assault statute and the domestic violence statute are almost identical, courts have concluded that disorderly conduct under section (A)(1) is a lesser included offense of domestic violence. *State v. Stuber* (1990), 71 Ohio App.3d 86, 593 N.E.2d 48; *State v. Amos* (Jan. 15, 1988), Lake App. No. 12–088, unreported, 1988 WL 4622. As indicated in *Amos, supra:*

" * * * a person cannot knowingly cause or attempt to cause physical harm to a family member or member of a household without at the same time

recklessly causing him 'inconvenience, annoyance or alarm' by threatening harm or by engaging in violent or turbulent behavior. * * * '[I]t is not significant that the common elements of these two offenses were not stated in identical language in the statutes, because these common elements are implicit in the conduct that constitutes the offenses. The courts have not required an express inclusion of the lesser offense in the definition of the greater. * * *' " *Id.* at 3–4, quoting *Roberts, supra,* 7 Ohio App.3d at 255, 7 OBR at 335, 455 N.E.2d at 509.

Accordingly, we conclude that the trial court could properly have convicted appellant of disorderly conduct as a minor misdemeanor pursuant to R.C. 2917.11(A)(1) because it is a lesser included offense of domestic violence. Therefore, while we must sustain appellant's first assignment of error, this court may enter the judgment that the trial court should have entered. It is therefore the order of this court that the judgment of the court below, finding appellant guilty of disorderly conduct as a fourth degree misdemeanor pursuant to R.C. 2917.11(E), be modified and that judgment be entered finding appellant guilty of disorderly conduct pursuant to R.C. 2917.11(A)(1) as a minor misdemeanor. It is further ordered that this cause be remanded to the trial court with instructions to impose an appropriate sentence. See *State v. Huntley* (1986), 30 Ohio App.3d 29, 31–32, 30 OBR 68, 69–70, 505 N.E.2d 1007, 1009–1010.

In his second assignment of error, appellant states that the trial court's decision finding him guilty of disorderly conduct as a fourth degree misdemeanor was against the manifest weight of the evidence. Appellant argues that there was no evidence to show that he was warned or requested to desist in his disorderly behavior. However, since we have already concluded that a conviction of disorderly conduct as a fourth degree misdemeanor pursuant to R.C. 2917.11(A) was inappropriate, we need not reach the question of whether the evidence was sufficient to support that conviction. However, in considering appellant's second assignment of error as applicable to his conviction of R.C. 2917.11(A) as a minor misdemeanor, we conclude:

"Although there may be some dispute here concerning the propriety of such a course in view of certain imprecisions in the disposition below, we must assume from what is before us that there has been a valid finding of guilt for a minor misdemeanor offense." *Reynolds, supra,* 25 Ohio App.3d at 61, 25 OBR at 229, 495 N.E.2d at 972. Accordingly, appellant's second assignment of error is overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this

cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

KOEHLER, P.J., WALSH and HENDERSON, JJ., concur.

JOHN W. HENDERSON, J., of the Clark County Court of Common Pleas, sitting by assignment.