OPINION
Defendant Tina Milano-Tavella appeals a judgment of the Municipal Court of Delaware, Ohio, which convicted and sentenced her for one count of domestic violence. Appellant assigns three errors to the trial court:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR #1
THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE TESTIMONY REGARDING AN ALLEGED EXTRAMARITAL AFFAIR BY APPELLANT DURING [SIC] TIME OF MARRIAGE TO COMPLAINANT, WHICH MARRIAGE HAD BEEN TERMINATED BY THE TIME OF THE INCIDENT COMPLAINED OF.
ASSIGNMENT OF ERROR #2
THE COURT ERRED IN REFUSING [SIC] GIVE AN INSTRUCTION TO THE JURY ON THE LESSER INCLUDED OFFENSE OF DISORDERLY CONDUCT.
ASSIGNMENT OF ERROR #3
APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE.
At trial, the State alleged appellant and her recently divorced ex-husband, Paul Tavella engaged in an altercation when he came to appellant's home to pick up the children for visitation. The parties agree an argument began inside appellant's home, and appellant asked Mr. Tavella to leave. Mr. Tavella waited in his car for the children. The parties disagree on subsequent events, but it appears undisputed appellant's hand made contact with Tavella's face. At trial, appellant advanced three defense theories. She argued her action was a reflex response to Tavella's making a move towards her. Thus, she argues, she lacked the necessary intent for the crime charged. In the alternative, appellant asserted she struck Tavella in self-defense, based upon the parties' past history and her belief her safety was in jeopardy. The third alternative appellant advanced was her actions were justifiable to expel Tavella, who appellant alleges was a trespasser. The jury rejected all three explanations, and found her guilty.
 I
The trial court permitted Mr. Tavella to testify regarding an alleged extramarital affair appellant had engaged in while she married to Tavella. Appellant urges this evidence was completely irrelevant to the altercation. Appellant argues Evid.R. 608 and 403 prohibit the admission of this evidence of her bad character. The admission or exclusion of evidence is a question directed to a trial court's broad discretion, and this court may not disturb the trial court's ruling unless there is a showing of material prejudice, such that the trial court abused its broad discretion, State v. Sage (1987), 31 Ohio St.3d 173. The Supreme Court has frequently defined the term abuse of discretion as indicating the trial court's actions were unreasonable, arbitrary or unconscionable, see e.g. State v. Adams (1980), 62 Ohio St.2d 151. Over appellant's objection, Mr. Tavella testified in the fifteen years he and appellant were together, no one had ever called the police. After appellant began an affair, however, the police were called numerous times. The State also cross-examined appellant over her objection, and appellant admitted having an affair. Appellant testified Mr. Tavella was very upset when he learned of the affair, and thereafter, both he and appellant had occasion to call the police. As the State points out, the evidence tended to prove the motives, not just of appellant, but also of the victim. The evidence was relevant to depict the circumstances which led up to the incident which was the subject of this action. We have reviewed the record before us, and we cannot say the court acted unreasonable, arbitrarily, or unconscionably in admitting this evidence. We conclude the trial court did not abuse its discretion in permitting this testimony. The first assignment of error is overruled.
 II
In her second assignment of error, appellant urges the trial court should have given the jury an instruction on the lesser included offense of disorderly conduct. Appellant cites State v. Stuber (1990), 71 Ohio App.3d 86, wherein the Allen County Court of Appeals held disorderly conduct is a lesser included offense of domestic violence and is appropriate when it is shown the accused acted recklessly and caused inconvenience, annoyance, or alarm by threatening harm to persons, or by violent or turbulent behavior. A trial court need only instruct the jury on a lesser included offense where the facts presented could support a finding of guilt on the lesser included offense, but not on the greater offense, State v. Nolton (1969), 19 Ohio St.2d 133. Here, appellant presented three separate defenses, any one of which is a complete defense to the crime charged. We conclude the trial court did not err in refusing to instruct on a lesser included offense. The second assignment of error is overruled.
 III
In her third assignment of error, appellant urges she was not afforded the effective assistance of counsel. As the State points out, appellant failed to order the video-taped proceeding transcribed, as required by the appellate rules. Thus, a number of appellant's arguments are outside the record on appeal. In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court devised a two-prong test to evaluate whether an accused received the effective assistance of counsel. First, the accused must show the counsel violated an essential duty to his clients such that the attorney was not functioning as envisioned by the Constitution. Secondly, the accused must show the deficient performance actually prejudiced the accused by casting doubt on the fairness and reliability of the trial. Ohio uses the Strickland test, see State v. Bradley (1989), 42 Ohio St.3d 136. Appellant points to five incidents which she claims demonstrate ineffective assistance of counsel. Four of the five incidents involve failure to object to the admission of the evidence of appellant's alleged extramarital affair. Because we find in I, supra, the evidence was admissible, it follows counsel was not remiss in failing to object. Appellant also maintains her attorney should have introduced evidence Mr. Tavella had abused appellant, which would have supported her self-defense argument. In fact, the jury heard the evidence appellant has called the police in the past, during arguments with Mr. Tavella, see I, supra. Counsel's decision not to present further evidence may very well have been a sound strategic decision. Because we lack a complete transcript of the proceedings, we are unable completely to review the alleged deficiencies of which appellant complains. Our review of the record before us leads us to conclude appellant was not prejudiced by this alleged deficiency. The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Delaware, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Wise, P.J., and Hoffman, J., concur