OPINION
Richard H. Schaefer ("Schaefer") appeals from a judgment of the Fairborn Municipal Court which found him guilty of disorderly conduct in violation of R.C. 2917.11(A)(1).
On May 26, 1999, Beavercreek police officers were dispatched to the home of Richard and Darlene Schaefer in response to a report of domestic violence. When the police arrived, Schaefer was pulling out of the driveway in his vehicle. Upon seeing the police, he pulled back into the driveway, exited the vehicle, met the officers, and led them into the home. The police then conducted separate interviews with Schaefer and his wife.
According to Mrs. Schaefer, Schaefer had left the house to go jogging shortly before she had left to take their son to a soccer game. However, Mrs. Schaefer had suspected that Schaefer was really meeting a woman on a nearby golf course. When Schaefer returned to the house, Mrs. Schaefer was waiting for him and confronted him with her suspicions. She also tried to touch Schaefer to determine whether his clothes and headband were damp as if he had been jogging. According to Mrs. Schaefer, Schaefer pushed her into the island in the kitchen and then "flipped" her in the face with the back of his hand. Mrs. Schaefer wavered when asked whether she thought that Schaefer's hitting her had been an accident.
Schaefer's version paralleled Mrs. Schaefer's version to the extent that she had accused him of meeting a woman on the golf course when he had returned to the house on May 26, 1999. He testified that he had pushed Mrs. Schaefer's hand away when she had tried to feel whether he was sweaty and that he had then retreated to work at a computer in another room. According to Schaefer, Mrs. Schaefer came into the room, threw the computer's mouse at him, threatened to kill him, and then left the room. She returned a few minutes later and "came across th[e] desk" at him with her hand, at which point he grabbed her hands and pushed them away, apparently striking her in the face in the process. Schaefer did not deny that he had struck Mrs. Schaefer in the face, but he claimed that he had not intended to do so. Although Mrs. Schaefer had threatened to call the police, Schaefer did not realize that she had actually done so when he got in his car intending to go to the son's soccer game. He stopped when he saw the police pulling up to his house.
Schaefer was charged with domestic violence in violation of R.C. 2919.25(A). A trial was held on August 2, 1999, and the trial court found Schaefer not guilty of domestic violence. Suasponte, however, the trial court found that disorderly conduct was a lesser included offense of domestic violence and found Schaefer guilty of that offense. He was fined $100 plus costs.
Schaefer raises one assignment of error on appeal.
 THE TRIAL COURT ERRED IN FINDING DEFENDANT GUILTY OF WHAT IT CONSIDERED A LESSER INCLUDED OFFENSE.
Schaefer contends that the trial court erred in convicting him of disorderly conduct because it was not a lesser included offense of the domestic violence offense with which he had been charged.
Pursuant to R.C. 2945.74 and Crim.R. 31(C), a fact finder may consider lesser included offenses of a charged offense and may find a defendant guilty of a lesser included offense if the facts support such a result. See, also, State v. Deem (1988), 40 Ohio St.3d 205, 209. However, a fact finder may not consider an uncharged offense that is neither an offense of inferior degree of the charged offense nor a lesser included offense without running afoul of the defendant's constitutional rights. Neither party argues herein that disorderly conduct is an offense of inferior degree to domestic violence. Accordingly, we turn to whether disorderly conduct is a lesser included offense of domestic violence.
In Deem, supra, the supreme court set forth a three-prong test for determining whether an offense is a lesser included offense of another.
 An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.
Id., paragraph three of the syllabus.
Schaefer was charged with domestic violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree. He was convicted of disorderly conduct in violation of R.C.2917.11(A)(1), a minor misdemeanor. Because, pursuant to R.C.2929.21, a minor misdemeanor carries a lesser penalty than a misdemeanor in the first degree, the first prong of the Deem
analysis is satisfied in this case.
The second and third prongs of the Deem analysis require a close examination of the elements of each of the offenses at issue in Schaefer's case. Domestic violence is defined as knowingly causing or attempting to cause physical harm to a family or household member. R.C. 2919.25(A). Disorderly conduct is defined as recklessly causing inconvenience, annoyance, or alarm to another by engaging in fighting, threatening harm to persons or property, or engaging in violent or turbulent behavior. R.C.2917.11(A)(1). Because domestic violence requires that the victim be a family or household member of the defendant, and disorderly conduct does not, an element of the greater offense is not required to commit the lesser offense, and the third prong of Deem
is satisfied.
The crucial determination in this case, and the one on which courts have disagreed, relates to the second prong of Deem: whether domestic violence can, as statutorily defined, ever be committed without disorderly conduct also being committed. Specifically, the critical issue is whether one can ever cause or attempt to cause physical harm to another without, necessarily and by definition, causing inconvenience, annoyance or alarm to that person. In examining this issue, we will look to cases involving disorderly conduct as a lesser included offense to assault as well as to domestic violence because the elements of assault and domestic violence are identical except that, in the case of domestic violence, the victim must be a family or household member. See R.C. 2903.13(A). Thus, for purposes of determining whether one can cause or attempt to cause harm without causing inconvenience, annoyance, or alarm, the distinction between assault and domestic violence is irrelevant.
The Tenth Appellate District has held that disorderly conduct is not a lesser included offense of assault. State v. Neal (Sept. 1, 1998), Franklin App. No. 97APA12-1676, unreported. It reasoned:
 [A]ll the pertinent theories for disorderly conduct require proof that an offender caused "inconvenience, annoyance or alarm." * * * Annoyance and alarm are each mental states and, therefore, are not part of the concept of physical harm set forth in the assault statute * * *.
 Inconvenience is a totally distinct concept and also not a part of the concept of physical harm. Inconvenience can have physical elements, but also can be purely mental in its scope. Thus, applying the Deem standard * * *, the inconvenience element does not qualify disorderly conduct as a lesser included offense of assault.
Id. Thus, the Tenth District held that one can cause or attempt to cause physical harm without necessarily causing inconvenience, annoyance, or alarm.
Conversely, several other appellate districts have held that disorderly conduct is a lesser included offense of domestic violence. The Eleventh Appellate District has concluded that "it is not significant that the common elements of the two offenses are not phrased in identical statutory language because their commonality is implied in the conduct constituting the offenses."State v. Kutnar (Sept. 30, 1999), Lake App. No. 98-L-117, unreported. The Fifth Appellate District has also summarily concluded that "one cannot engage in domestic violence without also engaging in disorderly conduct." State v. Hunt (March 18, 1996), Stark App. No. 95CA0226, unreported. See, also, State v.Burgess (1992), 79 Ohio App.3d 584 (Twelfth District); State v.Reynolds (1985), 25 Ohio App.3d 59 (First District).
In our view, it is possible to commit the offense of domestic violence without committing disorderly conduct. In particular, it is apparent that one may attempt to cause physical harm to another without his or her knowledge, in which case the victim will not have suffered inconvenience, annoyance, or alarm. We concede that, in most cases, the actions by which one causes or attempts to cause physical harm to another may also cause inconvenience, annoyance, or alarm to that person. But a victim might be wholly unaware of an attempt to cause physical harm where, for example, the perpetrator throws an object at the victim, who is not looking at the perpetrator, but misses his target, and thus the victim suffers no inconvenience, annoyance, or alarm. Deem requires us to conduct this analysis in the abstract: can domestic violence, as statutorily defined, ever be committed without disorderly conduct also being committed. It is irrelevant that, in this case, Mrs. Schaefer may in fact have suffered inconvenience, annoyance, or alarm as a result of her husband's actions. Thus, we conclude that disorderly conduct is not a lesser included offense of domestic violence and that the trial court erred in convicting Schaefer of disorderly conduct.
The assignment of error is sustained.
The judgment of the trial court will be reversed.
YOUNG, J., concurs.