OPINION
Defendant Mark Christenson appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, which convicted and sentenced him for one count of non-support, a first degree misdemeanor, in violation of R.C. 2929.21. Appellant assigns four errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR ONE
 A TRIAL COURT FAILS IN ITS DUTY TO PROTECT, AND ENFORCE, UNITED STATES CONSTITUTIONAL RIGHTS WHEN IT VIOLATES A DEFENDANT'S FIFTH AMENDMENT DOUBLE JEOPARDY RIGHTS, SECURED UNDER THE UNITED STATES CONSTITUTION, BY IMPOSING A SENTENCE TO A LESSER DEGREE OF OFFENSE OF A CHARGE UPON WHICH THE DEFENDANT HAS BEEN ACQUITTED BY AN APPELLATE COURT'S FINDING OF INSUFFICIENT EVIDENCE.
ASSIGNMENT OF ERROR TWO
 A TRIAL COURT COMMITS REVERSIBLE ERROR, AND ACTS WITHOUT AUTHORITY, WHEN IT PERMITS A CRIM. R 7 AMENDMENT TO AN INDICTMENT THAT REDUCES THE DEGREE OF OFFENSE.
ASSIGNMENT OF ERROR THREE
 A TRIAL COURT ACTS CONTRARY TO LAW AND WITHOUT JURISDICTION WHEN IT IMPOSES TERMS OF PROBATION WHICH ARE UNRELATED TO THE ALLEGED OFFENSE.
ASSIGNMENT OF ERROR FOUR
 A TRIAL COURT ACTS CONTRARY TO LAW, WHEN WITHOUT A HEARING, IT IMPOSES AS A STIPULATION TO PROBATION, A MONTHLY PAYMENT THAT EXCEEDS THE MANDATES OF OHIO REVISED CODE SECTION 3113.21 AND 15 U.S.C.A. SECTION 1673 IN A CHILD SUPPORT AN ARREARAGE FINDING.
On December 24, 1998, the Court of Common Pleas of Delaware County, Ohio, convicted appellant of non-support of a dependent in violation of R.C.2919.21 (A), a fifth degree felony. Appellant appealed his conviction, and in State v. Mark Christenson (October 25, 1999), Delaware Appellate No. 99CA06, unreported, this court reversed the trial court's judgment. We remanded the matter to the trial court with express instructions to enter a judgment of conviction on the misdemeanor level of R.C. 2919.21, and to re-sentence appellant according to statutory guidelines. On November 29, 1999, the trial court sentence appellant to six months in the Delaware County Jail, but stayed the sentenced and placed appellant on one-year probation under the control of the intensive supervision office. Under the terms of appellant's probation, he is to pay his delinquent child support in the amount of $44,053.47 plus poundage, originally at the rate of $748.90 per month but later modified to $300 per month. The court established other terms for appellant's probation, including, inter alia the requirement not to consume or possess alcoholic beverages or enter any public or private business establishment where alcoholic beverages are sold or consumed, except in grocery stores and restaurants. The court also established a 10 o'clock curfew.
 I and II
In his first two assignments of error, appellant urges the trial court erred in convicting and sentencing him after our reversal. Appellant urges the Fifth Amendment prohibition against double jeopardy requires the trial court to enter a judgment of acquittal, rather than sentencing him on the misdemeanor level offense. Appellant argues misdemeanor non-support is a lesser included offense of the fifth degree felony nonsupport of a dependent. Appellant also urges the trial court had no authority to amend the indictment from the fifth degree felony to a misdemeanor. In our earlier case, this court found there was sufficient evidence to convict appellant of misdemeanor non-support of a defendant, but not the felony enhancement. R.C.2919.21 (G) provides in general a violation of R.C. 2919.21 (A) is a misdemeanor, except where the offender has failed to provide support for 26 weeks out of 104 consecutive weeks. If the offender has done so, the penalty is enhanced from the first degree misdemeanor to a fifth degree felony. Misdemeanor non-support is not a lesser included offense of the felony offense of non-support, but rather, the penalty may be enhanced from misdemeanor to felony by the aggravating factor, see, e.g. State v. Reynolds (1985), 25 Ohio App.3d 59. Further, the record does not support appellant's assertion the trial court allowed an amendment to the original indictment. We have reviewed the record, and we find the trial court properly implemented our earlier, unappealed directive on remand. We find no error therein. Accordingly, Assignments of Error I and II are overruled.
 III
In his third assignment of error, appellant urges certain of the terms of his probation are unrelated to the offense of which he was convicted. Specifically, possession of controlled substances, submission to urine testing, non-possession and/or use of alcohol, refraining from entering into any establishment where alcohol is served, and meeting a 10:00 curfew are all completely unrelated to the non-support issue. We agree in part. A trial court has broad discretion in dictating the conditions of probation, and should not be reversed unless the court's ruling constitutes an abuse of discretion, see State v. Jones (1990), 49 Ohio St.3d 51. The conditions of probation cannot be overly broad such that they unnecessarily impinge upon the probationer's liberty. State v. Maynard (1988), 47 Ohio App.3d 76. In determining whether a condition of probation is appropriate, courts should consider whether the condition is reasonably related to rehabilitation of the offender, whether the condition has some relationship to the crime of which the offender has been convicted, and whether it relates to conduct which is criminal or reasonably related to future criminality. The conditions of probation must serve the statutory goals of probation, Jones, at 53. We have reviewed the record, and we agree with appellant some of the terms of his probation are not related to the offense, specifically the conditions relating to possession and use of alcohol, entering into an establishment where alcohol is used, and the 10:00 curfew. We find the court's judgment subjecting appellant to these conditions constitutes an abuse of discretion. The third assignment of error is sustained.
 IV
In his fourth assignment of error, appellant urges the trial court did not comply with R.C. 3113.21 and 15 U.S.C. 1673, the Ohio and Federal Consumer Credit Protection Acts. Appellee points out this matter was subsequently brought to the trial court's attention, and the court modified the monthly amount from the original $748.90 per month to $300.00 per month. A trial court can order child support as a condition of probation, see State v. Herring (1993), 88 Ohio App.3d 228. An order to pay child support arrearages is essentially the same as an order of restitution, although the Child Support Enforcement Agency rather than the probation department is the appropriate agency to establish and supervise the payments, see State v. Lizanich (1994), 93 Ohio App.3d 706. We have reviewed the record, and we find the trial court did not err in ordering appellant to pay his child support arrearages as a condition of probation. Accordingly, the fourth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court with directions to re-sentence appellant, with conditions of probation, related to the offense of which he was convicted.
By Gwin, P.J., Hoffman, J., and Reader V.J., concur.