The STATE of Ohio, Appellee,

v.

PARKER, Appellant.

[Cite as *State v. Parker*, 149 Ohio App.3d 681, 2002-Ohio-5536.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2002–CA–27.

Decided Oct. 11, 2002.

Michael F. Sheils, Springfield Chief Prosecutor, and Christopher J. Hickey, Assistant City Prosecutor, for appellee.

Richard Mayhall, for appellant.

FAIN, Judge.

{¶ 1} Defendant-appellant Yelvis D. Parker appeals from his conviction and sentence for the fourth-degree misdemeanor offense of disorderly conduct, proscribed by R.C. 2917.11(E)(3), following a bench trial for assault. He contends that the offense of fourth-degree misdemeanor disorderly conduct is not a lesser-included offense of assault, because it contains an element that is not an element of assault. We agree. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

I

{¶ 2} As a result of an incident in which Parker hit another person over the head with a beer bottle, Parker was charged with assault. Following a bench trial, the trial court found Parker not guilty of assault, but guilty of disorderly conduct, a misdemeanor of the fourth degree pursuant to R.C. 2917.11(E)(3)(a). The trial court found that Parker had persisted after reasonable warnings or requests to desist, thereby elevating the offense from the minor misdemeanor offense of disorderly conduct to the fourth-degree misdemeanor offense.

{¶ 3} The trial court suspended a thirty-day jail sentence, placed Parker on six months' probation, fined him $100, and ordered him to pay costs. From his conviction and sentence, Parker appeals.

II

{¶ 4} Parker's sole assignment of error is as follows:

{¶ 5} "The trial court erred and abused its discretion in finding the appellant guilty of disorderly conduct, a fourth degree misdemeanor, as a lesser included offense of assault."

{¶ 6} Parker contends that the offense of which he was convicted, disorderly conduct as a fourth-degree misdemeanor, in violation of R.C. 2917.11(E)(3)(a), is not a lesser-included offense of assault, because it contains an element—persisting in the offensive conduct after a reasonable warning or request to desist—that is not an element of assault. Parker argues that because the fourth-degree felony version of disorderly conduct, as proscribed by R.C. 2917.11(E)(3)(a), is not a lesser-included offense of assault, the trial court could not properly find him guilty of that offense when he was charged with assault.

{¶ 7} The state argues that the requirement that the offender persist in his conduct after a reasonable warning or request to desist is not an element of the offense but is a statutory basis for a sentencing enhancement. Thus, the state argues, the offense of disorderly conduct is a lesser-included offense of assault,

and Parker's persistence in his offensive conduct is merely a factual basis supporting an enhanced penalty.

{¶ 8} We agree with Parker and with other courts that have considered this issue.

{¶ 9} The state cites *State v. Roberts* (1982), 7 Ohio App.3d 253, 7 OBR 333, 455 N.E.2d 508, but the lesser-included offense of which the defendant was found guilty in that case was the minor misdemeanor version of disorderly conduct. This also distinguishes *State v. Heffner* (June 6, 1997), Montgomery App. No. 16230, 1997 WL 309368, another case cited by the state. The state also cites *State v. Ault* (Aug. 31, 2000), Athens App. No. 99–CA–56, 2000 WL 1264600. In that case, a defendant contended that the trial court erred by failing, in his assault trial, to instruct the jury on the lesser-included offense of disorderly conduct. Although the court of appeals ultimately concluded that the evidence did not warrant the instruction, it first determined that disorderly conduct is a lesser-included offense of assault. In reaching this conclusion, however, it did not distinguish between disorderly conduct as a minor misdemeanor offense and disorderly conduct as a fourth-degree misdemeanor offense. That the minor misdemeanor offense of disorderly conduct is a lesser-included offense of assault does not appear to be in dispute.

{¶ 10} Parker cites *State v. Blosser* (June 21, 1996), Perry App. No. CA–96–26, 1996 WL 363791; *State v. Burgess* (1992), 79 Ohio App.3d 584, 607 N.E.2d 918; *State v. Reynolds* (1985), 25 Ohio App.3d 59, 25 OBR 227, 495 N.E.2d 971; and *State v. Kemper* (Oct. 23, 1985), Hamilton App. No. C–840929, 1985 WL 11513, all for the proposition that disorderly conduct as a fourth-degree misdemeanor is not a lesser-included offense of assault. We find the reasoning in those decisions to be persuasive, and we adopt that reasoning.

{¶ 11} R.C. 2917.11(A)(1) provides:

{¶ 12} "No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:

{¶ 13} "(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior[.]"

{¶ 14} R.C. 2917.11(E) provides:

{¶ 15} "(1) Whoever violates this section is guilty of disorderly conduct.

{¶ 16} "(2) Except as otherwise provided in division (E)(3) of this section, disorderly conduct is a minor misdemeanor.

{¶ 17} "(3) Disorderly conduct is a misdemeanor of the fourth degree if any of the following applies:

{¶ 18} "(a) The offender persists in disorderly conduct after reasonable warning or request to desist. * * *"

{¶ 19} Although the offenses have the same name, we conclude that the fourth-degree misdemeanor offense of disorderly conduct is a different and greater offense, requiring, as an additional element, that the offender shall have persisted in the conduct after a reasonable warning or request to desist. This element of the fourth-degree misdemeanor offense of disorderly conduct is not required for the minor misdemeanor offense of disorderly conduct, and it is also not required for assault. Thus, we agree with Parker that he could not properly be convicted of the fourth-degree misdemeanor offense of disorderly conduct as a lesser-included offense of assault.

{¶ 20} We note that Parker can be convicted of the minor misdemeanor offense of disorderly conduct. Upon remand, the trial court may enter a judgment of conviction for that offense and sentence Parker accordingly. *State v. Burgess,* supra; and *State v. Reynolds,* supra.

{¶ 21} Parker's sole assignment of error is sustained.

### III

{¶ 22} Parker's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BROGAN and GRADY, JJ., concur.