JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Ervin Mosely, Jr. ("Mosely"), appeals his conviction for persistent disorderly conduct. Finding some merit to the appeal, we modify his conviction and remand for resentencing.
 {¶ 2} In 2004, Mosely was charged in the Shaker Heights Municipal Court with one count of domestic violence in violation of Shaker Heights Codified Ordinance (S.H.C.O.) 737.14(C). The matter proceeded to a bench trial, where the following evidence was presented.
 {¶ 3} In May 2003, Mosely phoned Ayana Al-Jeleel ("Al-Jeleel"), the mother of their son, inquiring about scratches he found on their son. Al-Jeleel testified that during the call, Mosely threatened her with bodily harm and threatened to kill her. She further testified that he called her four more times, but she did not answer the phone. Mosely denied threatening her with bodily harm, but admitted threatening to call children's services.
 {¶ 4} The trial court found Mosely not guilty of domestic violence, but guilty of the lesser included offense of persistent disorderly conduct, pursuant to R.C. 2917.11(A)(1), a fourth degree misdemeanor. Mosely was fined $250, sentenced to thirty days in jail, with all days suspended, and placed on three years' probation.
 {¶ 5} Mosely appeals his conviction, raising three assignments of error.
 Lesser Included Offense {¶ 6} In his first assignment of error, Mosely argues that the trial court erred when it found him guilty of persistent disorderly conduct because it is not a lesser included offense of domestic violence.
 {¶ 7} The statute governing disorderly conduct, R.C. 2917.11(A)(1), provides:
"(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior; * * *"
 {¶ 8} Generally, disorderly conduct is a minor misdemeanor; however, if the "offender persists in disorderly conduct after reasonable warning or request to desist," the offense is a fourth degree misdemeanor. R.C.2917.11(E)(3)(a).
 {¶ 9} Crim.R. 31(C) provides that when a lesser included offense is included within the offense charged, the defendant may be found guilty of the lesser included offense.
"An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." State v. Deem (1988), 40 Ohio St.3d 205,533 N.E.2d 294, paragraph three of the syllabus.
 {¶ 10} In the instant case, Mosely was charged with domestic violence under the threat section of S.H.C.O. 737.14(C), a first degree misdemeanor. Persistent disorderly conduct is a fourth degree misdemeanor. Therefore, the first prong of Deem has been satisfied because persistent disorderly conduct carries a lesser penalty than domestic violence.
 {¶ 11} The second prong of Deem requires that the greater offense, as statutorily defined, cannot ever be committed without the lesser offense, as statutorily defined, being committed. The ordinance charging Mosely with domestic violence, S.H.C.O. 737.14(C), provides that "no person, by threat of force, shall knowingly cause a family member to believe that the offender will cause imminent physical harm to the family or household member."
 {¶ 12} However, persistent disorderly conduct requires the additional element of "persistence after a reasonable warning or request to desist." We find that domestic violence can be committed without this additional element, thus not satisfying the second prong of Deem.
 {¶ 13} Moreover, in State v. Burgess, (1992), 79 Ohio App.3d 584,586, 607 N.E.2d 918, the court held that "disorderly conduct with persistence is not a lesser included offense of domestic violence due to the additional element of persistence after reasonable warning or request to desist." Therefore, the trial court erred in finding persistent disorderly conduct to be a lesser included offense of domestic violence.
 {¶ 14} The City requests that this court follow the procedure inBurgess and modify Mosely's conviction to disorderly conduct, a minor misdemeanor. Mosely's counsel conceded at oral argument that disorderly conduct could be a lesser included offense of domestic violence and sought the modification of Mosely's conviction to disorderly conduct as an alternative to vacating the entire conviction. Therefore, we must determine whether disorderly conduct is a lesser included offense of domestic violence as defined in S.H.C.O. 737.14(C).
 {¶ 15} Although this court has not specifically addressed this issue, we recognize that there is a split among appellate districts whether theDeem test is met in determining whether disorderly conduct is a lesser included offense of domestic violence. See, State v. Alvey, Belmont App. No. 03 BE 24, 2003-Ohio-7006 at ¶ 27.
 {¶ 16} The First, Third, Fourth, Fifth, Eleventh and Twelfth Appellate Districts have held that disorderly conduct is a lesser included offense of domestic violence. See, State v. Kutnar (Sept. 30, 1999), Lake App. No. 98-L-117; State v. Wilhelm (Aug. 5, 1996), Ross App. No. 95CA2123;State v. Hunt (Mar. 18, 1996), Stark App. No. 95CA0226; Burgess, supra (Twelfth District); State v. Stuber (1990), 71 Ohio App.3d 86, 593 N.E.2d 48
(Third District); State v. Reynolds (1985), 25 Ohio App.3d 59,495 N.E.2d 971 (First District).
 {¶ 17} However, the Second, Seventh, and Tenth Appellate Districts have held that disorderly conduct is not a lesser included offense of domestic violence because the second prong of the Deem test is not met.Alvey, supra; State v. Neal (Sept. 1, 1998), Franklin App. No. 97APA12-1676; State v. Schaefer (Apr. 28, 2000), Greene App. No. 99CA88;State v. Blasdell, 155 Ohio App.3d 423, 2003-Ohio-6392.
 {¶ 18} Reviewing the above cases, we find the majority of the appellate districts persuasive and hold that disorderly conduct is a lesser included offense of the threat section of the ordinance charging domestic violence. The Burgess court noted, domestic violence and assault are substantially similar and several courts have held that disorderly conduct is a lesser included offense of assault. Burgess, supra at 587, citing State v. Reynolds (1985), 25 Ohio App.3d 59, 495 N.E.2d 971;State v. Roberts (1982), 7 Ohio App.3d 253, 455 N.E.2d 508. Following this rationale, courts have concluded that disorderly conduct under section (A)(1) is a lesser included offense of domestic violence because a person cannot knowingly cause or attempt to cause physical harm to a family member without at the same time recklessly causing the victim inconvenience, annoyance or alarm by threatening the victim or engaging in violent or turbulent behavior. Burgess, supra at 5875-88, citing Statev. Stuber (1990), 71 Ohio App.3d 86, 593 N.E.2d; State v. Amos (Jan. 15, 1988), Lake App. No. 12-088; Roberts, supra.
 {¶ 19} Mosely argues in his second assignment of error that the court's verdict was against the manifest weight of the evidence. His third assignment of error alleges that there was insufficient evidence to convict him of disorderly conduct.
 {¶ 20} The evidence shows that Mosely contacted Al-Jeleel by phone, insulted her, threatened her with bodily harm, and threatened to kill her. Al-Jeleel testified that she was in fear for her personal safety. Although Mosely denied threatening her with bodily harm, his fiance testified that she heard Mosely "yell at the top of his voice" as he spoke to Al-Jeleel. Mosely admitted that, when he called Al-Jeleel, his tone was "not pleasant."
 {¶ 21} Based on the foregoing testimony, we find that there was sufficient evidence to find Mosely guilty of disorderly conduct and that the conviction is not against the manifest weight of the evidence.
 {¶ 22} Therefore, we conclude that the trial court erred in finding Mosely guilty of persistent disorderly conduct because it is not a lesser included offense of domestic violence. However, we find that disorderly conduct is a lesser included offense of domestic violence as charged under S.H.C.O. 737.14(C). Accordingly, his conviction is modified to disorderly conduct, a minor misdemeanor.
 {¶ 23} Mosely's first assignment of error is sustained, but his second and third assignments of error are overruled.
Judgment modified and case remanded for resentencing.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate issue from this court to the Shaker Heights Municipal Court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J. and Kilbane, J. concur.