{¶ 111} I concur with the majority's decision to affirm Mr. Boldin's conviction for domestic violence. However, I believe that disorderly conduct under R.C. 2917.11(A)(1) remains a lesser included offense of domestic violence under R.C. 2919.25(A). I further believe that, under the reasoning set forth in Brown, supra, disorderly conduct under R.C. 2917.11(A)(1) is an allied offense of similar import to domestic violence under *Page 27 
R.C. 2919.25(A), when each charge stems from a single act with a single animus. Consequently, I would reverse and remand so that the trial court could merge Mr. Boldin's conviction for disorderly conduct with that for domestic violence.
 {¶ 112} I respectfully believe the majority misinterprets the holding of the Supreme Court of Ohio in Mosely, supra, when it concludes that case overruled, inter alia, prior appellate precedent (including precedent from this district), that disorderly conduct under R.C. 2917.11(A)(1) is a lesser included offense of domestic violence under R.C. 2919.25(A). On the contrary, the Supreme Court specifically adopted the reasoning of the Twelfth Appellate District in State v. Burgess
(1992), 79 Ohio App.3d 584, in concluding that R.C. 2917.11(A)(1) disorderly conduct is a lesser included offense of R.C. 2919.25(C) domestic violence. Mosely at ¶ 19. And in Burgess, the Twelfth District affirmed that R.C. 2917.11(A)(1) disorderly conduct is a lesser included offense under division (A) of the domestic violence statute.Burgess at 587-588.
 {¶ 113} In sum, Mosely did not limit R.C. 2917.11(A)(1) disorderly conduct's status as a lesser included offense of domestic violence to R.C. 2919.25(C) — rather, Mosely confirmed that it is a lesser included offense under that division of the domestic violence statute, as Ohio's appellate courts had previously found it to be a lesser included offense under division (A) — at issue in this case — and division (B).
 {¶ 114} I would further find that disorderly conduct under R.C. 2917.11(A)(1) is an allied offense of similar import to domestic violence under R.C. 2919.25(A). Pursuant to Cabrales, supra, at paragraph one of the syllabus, the first part of the test requires an abstract comparison of the elements of the crimes alleged. If that comparison shows that the commission of one crime necessarily results in the commission of the other, *Page 28 
they are allied crimes of similar import. Commission of domestic violence under R.C. 2919.25(A) necessarily results in the commission of disorderly conduct under R.C. 2917.11(A)(1). Thus, they are allied offenses of similar import.
 {¶ 115} The second step of the test is determining if the crimes alleged arose from a single act with a single animus. Cf.Cabrales at ¶ 14. If they did so, then the defendant may only be convicted of one crime. In this case, both the domestic violence and disorderly conduct charges arose from a single course of conduct, with a single animus.
 {¶ 116} Finally, pursuant to Brown, supra, a court should enquire into whether the criminal statutes in question protect different societal interests, to determine whether crimes are allied offenses of similar import. Id. at ¶ 36. Thus, theft and aggravated burglary are not allied offenses of similar import, because the theft statute is meant to counter the nonconsensual taking of property, while the aggravated burglary statute is directed to protecting persons. Id., citingState v. Mitchell (1983), 6 Ohio St.3d 416, 419. The societal interests protected by the domestic violence and disorderly conduct statutes are sufficiently similar to render the conduct proscribed by each allied offenses of similar import. R.C. 2919.25(A) is meant to protect household members from physical harm by other household members; R.C. 2917.11(A)(1) is meant to protect persons and property from violent behavior. The protections afforded under R.C. 2919.25(A) are heightened and narrower than those afforded by R.C. 2917.11(A)(1), but not different in kind. I respectfully note that merger under R.C. 2941.25 is meant to effectuate the constitutional prohibition against double jeopardy: i.e., in this case, *Page 29 
multiple punishments for the same offense. See, e.g., Brown, supra, at ¶ 10-11. I believe that is exactly what Mr. Boldin has received.
 {¶ 117} Consequently, I concur in part and dissent in part. *Page 1