THE STATE OF OHIO, APPELLANT, *v.* TOLBERT, APPELLEE.

[Cite as State *v.* Tolbert (1991), 60 Ohio St. 3d 89.]

(No. 90-666—Submitted February 12, 1991—Decided June 5, 1991.)

*Arthur M. Ney, Jr.*, prosecuting attorney, and *David L. Prem*, for appellant.

*Sand & Stidham* and *Chuck R. Stidham*, for appellee.

HOLMES, J. The single issue presented is whether Tolbert's convic-

tion on the lesser included offense prevents the state from later prosecuting him on the greater offense because of the protection against double jeopardy of the Fifth Amendment to the United States Constitution. For the reasons that follow, we answer such query in the negative.

In *Benton* v. *Maryland* (1969), 395 U.S. 784, 794, the United States Supreme Court held that the Fifth Amendment guarantee against double jeopardy[2] is enforceable against the states through the Fourteenth Amendment to the United States Constitution. Therefore, we must review United States Supreme Court precedent, along with our own, to determine whether Tolbert may be prosecuted on the felonious assault charge.

The United States Supreme Court in *Blockburger* v. *United States* (1932), 284 U.S. 299, 304, recognized that the Double Jeopardy Clause of the Fifth Amendment prohibits successive prosecutions for the same criminal act or transaction under two criminal statutes unless each statute "requires proof of a fact which the other does not."[3] Furthermore, in *Brown* v. *Ohio* (1977), 432 U.S. 161, the Supreme Court held that the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he or she has already been acquitted or convicted on the lesser included offense.[4] It should be noted that the *Blockburger* test is not the exclusive

---

[2] The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution states: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb."

[3] The *Blockburger* test emphasizes the elements of the two crimes. Essentially,

"[i]f each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes. * * *" *Iannelli* v. *United States* (1975), 420 U.S. 770, 785, fn. 17.

[4] In *Brown* the defendant stole an automobile and was caught several days later and charged with "joyriding" — taking or operating the car without the owner's consent. Defendant pled guilty

means by which the protection against double jeopardy is deemed to apply to particular offenses. "Even if two offenses are sufficiently different to permit the imposition of consecutive sentences, successive prosecutions will be barred in some circumstances where the second prosecution requires relitigation of factual issues already resolved by the first." *Id.* at 166-167, fn. 6; *Grady* v. *Corbin* (1990), 495 U.S. ___, ___, 109 L. Ed. 2d 548, 563, 110 S. Ct. 2084, 2092. For example, in *Ashe* v. *Swenson* (1970), 397 U.S. 436, where the defendant was acquitted on a charge of robbing one of the participants in a poker game, and the verdict was based on doubt that the accused was present at the robbery, the Supreme Court held that "principles of collateral estoppel embodied in the Double Jeopardy Clause barred prosecutions of the accused for robbing the other victims." *Brown, supra,* at 167, fn. 6.

In deciding whether the state was precluded from charging a defendant with involuntary manslaughter of a robbery victim subsequent to the defendant's conviction for the robbery, this court in *State* v. *Thomas* (1980), 61 Ohio St. 2d 254, 261, 15 O.O. 3d 262, 266, 400 N.E. 2d 897, 903, set forth a two-part double jeopardy inquiry:

"* * * One is whether the offenses of robbery and involuntary manslaughter are distinguishable under the *Blockburger* standard; *i.e.,* do[es] each of the crimes of robbery and involuntary manslaughter require proof of a fact which the other does not?

"Two, there being a less serious offense for which the defendant has been previously tried, is the state prohibited from relitigating the factual issues already resolved in the prior trial, or do the facts of this case present an exception to the general rule prohibiting multiple prosecutions?"

The exception referred to in *Thomas, supra,* originated in *Diaz* v. *United States* (1912), 223 U.S. 442, where the Supreme Court recognized an exception to a double jeopardy statute by holding that a defendant's conviction of assault and battery did not prevent a subsequent prosecution for homicide after the death of the victim. The Supreme Court, in *Brown* v. *Ohio, supra,* found the constitutional exception to "exist where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence." *Id.* at 169, fn. 7; accord *Grady* v. *Corbin, supra,* at ___, 109 L. Ed. 2d at 561, 110 S. Ct. at 2090, fn. 7; *Ashe* v. *Swenson, supra,* at 453, fn. 7 (Brennan, J., concurring) ("where a crime is not completed or not discovered, despite diligence on the part of the police, until after the commencement of a prosecution for other crimes arising from the same transaction, an exception to the 'same transaction' rule should be made to permit a separate prosecution.").

In the case *sub judice,* the first inquiry is whether the offenses of misdemeanor assault and felonious assault

---

and was sentenced to thirty days in jail and a one-hundred-dollar fine. *Id.* at 162. After his release from jail Brown was indicted on two counts, charging him with the original theft of the car and joyriding on the same date of the theft. Brown objected to the counts on double jeopardy grounds. *Id.* at 163. The *Brown* court decided that Brown could not be convicted of either of the

charges since they were the same offense under the Double Jeopardy Clause as the one he had pled guilty to. The court noted that "[t]he Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units." *Id.* at 169.

are distinguishable under the *Block-burger* standard (do both require proof of a fact which the other does not?). The offense of misdemeanor (or simple) assault is a violation of R.C. 2903.13, which provided[5]:

"(A) No person shall knowingly cause or attempt to cause physical harm to another.

"(B) No person shall recklessly cause serious physical harm to another.

"(C) Whoever violates this section is guilty of assault, a misdemeanor of the first degree. * * *" H.B. No. 511, 134 Ohio Laws, Part II, 1866, 1902.

The offense of felonious assault (as charged in this case) is a violation of R.C. 2903.11, which specifies:

"(A) No person shall knowingly:

"(1) Cause serious physical harm to another[.]

"* * *

"(B) Whoever violates this section is guilty of felonious assault, an aggravated felony of the second degree. * * *"

It is conceded by the parties that misdemeanor assault is a lesser included offense of felonious assault. Thus, the greater offense, felonious assault, is by definition the same for purposes of double jeopardy as the lesser included offense, misdemeanor assault. See *Brown* v. *Ohio, supra,* at 168. Consequently, the two offenses are indistinguishable under the *Blockburger* standard.

Although the two offenses are the same for purposes of double jeopardy, we must still determine whether the facts in this instance invoke the exception to the general rule. As we stated in *Thomas, supra,* at 261, 15 O.O. 3d at 266-267, 400 N.E. 2d at 903, this "second query depends upon the circum-stances existing at the time of the first trial. [And] [t]he reviewing court may determine whether all the actionable facts had come into being or, conversely, whether there were later occurrences which had emanated from the initial conduct * * *."

In the present case Hildebrand testified that the day after the assault took place, and only hours after the defendant pled no contest to a lesser offense, the police were first informed that Ochs's injuries may have been more severe than first indicated. Until Ochs was evaluated by her own physician she had no way to confirm the extent of her injuries. In fact, Ochs's diagnosis was not final until a week after she was attacked. Therefore, even though the facts necessary to sustain the charge of felonious assault occurred prior to Tolbert's plea, these facts were not discoverable despite the exercise of due diligence. See *Brown* v. *Ohio, supra,* at 169, fn. 7.

Accordingly, for the foregoing reasons, the judgment of the court of appeals is reversed, and the cause is remanded for proceedings not inconsistent with this opinion.

*Judgment reversed and cause remanded.*

MOYER, C.J., SWEENEY and RES-NICK, JJ., concur.

DOUGLAS, J., concurs in judgment only.

WRIGHT and H. BROWN, JJ., dissent.

H. BROWN, J., dissenting. Although the majority correctly sets forth the applicable law on double jeopardy, I believe that it reaches the

---

[5] Subsequent to the assault in this case, R.C. 2903.13(C) was amended by H.B. No. 642, 142 Ohio Laws, Part III, 4696, 4698-4699.

wrong result in this case. Therefore, I must respectfully dissent.

It is undisputed that misdemeanor assault is a lesser included offense of felony assault. I agree with the majority's conclusion that the two offenses are indistinguishable under the *Blockburger* standard and are the same for double jeopardy purposes. Where I part company with the majority, however, is in the attempt to fit the present case under the exception to the *Blockburger* rule.

The exception provides that double jeopardy may be avoided and a second, more serious charge may be pursued when "the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence." *Brown* v. *Ohio* (1977), 432 U.S. 161, 169, at fn. 7. Although this exception is noted in the long line of cases cited by the majority, only two of those cases, *Diaz* v. *United States* (1912), 223 U.S. 442, and *State* v. *Thomas* (1980), 61 Ohio St. 2d 254, 15 O.O. 3d 262, 400 N.E. 2d 897, actually find the exception applicable to the facts of the particular case.

In both *Diaz* and *Thomas* it was not possible to bring the more serious charge at the outset because the additional facts necessary to sustain that charge *had not yet occurred*. In *Diaz, supra,* the victim died of injuries sustained in the criminal incident after the defendant had been charged with assault and battery. *Id*. at 448-449. Likewise in *Thomas, supra,* the victim died from injuries sustained during the course of a robbery after the defendant had been tried and sentenced for robbery.

In the present case, however, all the facts necessary to sustain the felony assault charge (the serious injury to Ochs) *had already occurred* when Tolbert was charged with misdemeanor assault. Although conceding this distinction, the majority fails to recognize its significance. Instead, the majority merely concludes that the seriousness of the injury to Ochs was not discoverable despite the exercise of due diligence.

Due diligence, however, in a criminal investigation requires that the police and the prosecution ascertain the facts of the crime, *as they currently exist,* before proceeding with charges against the accused. The extent of injury to Ochs was part of the relevant facts of the case against Tolbert. Nevertheless, the prosecution chose to immediately charge Tolbert with the lesser offense without making the effort to find out how badly Ochs was hurt. These facts were clearly discoverable. If there was doubt concerning the prognosis of the injury to Ochs, the state could have waited the few days necessary to obtain a proper medical diagnosis. Surely this places no undue burden on the prosecution. Rather, the development of the known facts before filing a charge is what should be expected from competent police work.

With adequate investigation, the state could have prosecuted Tolbert on the felonious assault charge and avoided the question of double jeopardy. Instead the majority encourages the state to prematurely file slapdash charges against an accused without ascertaining the full extent of the crime. Accordingly, I must respectfully dissent.

WRIGHT, J., concurs in the foregoing dissenting opinion.