OPINION
Defendant-appellant, Timothy George Beard, appeals a conviction entered upon a jury verdict in the Butler County Court of Common Pleas on December 15, 1997. Appellant was found guilty of assault on a police officer, which is a violation of R.C.2903.13(A). We affirm.
At 1:30 a.m. on October 8, 1997, Officers William McQueen ("McQueen") and Gerald Butler of the Hamilton Police Department were patrolling the projects of the Butler Metropolitan Housing Authority ("BMHA"). They observed three men, including appellant, standing under a tree. Because this was a high drug trafficking area, the officers drove by slowly. They heard an obscenity and therefore stopped to question appellant, who was known to McQueen. The officers were authorized by BMHA to issue warnings or make arrests for criminal trespass of parties on the premises who were not residents.
McQueen initiated a patdown search of appellant for officer safety prior to making an arrest or issuing a warning for criminal trespass. While patting appellant down, McQueen felt a substance which he believed to be marijuana. At this point, appellant spun away, broke McQueen's grip, and began to flee. Appellant then stumbled, and as he was getting up, McQueen attempted to sweep appellant's legs out from under him. Appellant fell and McQueen then tried to get appellant down on the ground to take him into custody. At that point, appellant struck McQueen in the chest. McQueen and appellant continued to struggle until Officer Butler sprayed appellant with mace; appellant was then subdued and handcuffed.
Appellant's version of the events following the patdown differed. Appellant testified that he had been stopped and patted down by McQueen on previous occasions. Appellant stated that on this occasion he walked away from McQueen because he thought the "routine" patdown had been concluded. Appellant stated that McQueen and Butler then came up from behind him and threw him to the ground. Appellant stated that he did not hit McQueen as he "already had an assault" and did not want to go back to prison. Appellant also denied having any marijuana on his person. Following a jury trial, appellant was found guilty. Appellant appeals and presents five assignments of error.
Assignment of Error No. 1:
THE TRIAL COURT ERRED BY FAILING TO GIVE THE JURY INSTRUCTION AS TO THE LESSER INCLUDED OFFENSE OF DISORDERLY CONDUCT.
Appellant argues that the jury should have been instructed on disorderly conduct. An offense may be a lesser included offense of another if: (1) the offense carries a lesser penalty than the other, (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense also being committed, and (3) some element of the greater offense is not required to prove the commission of the lesser offense. State v. Deem (1988),40 Ohio St.3d 205, paragraph three of the syllabus.
We note the narrow standard by which we are bound in reviewing claims of error with respect to jury instructions. Jury instructions must be tailored to the facts of each case. Only those instructions which are applicable to the facts of the case should be given. Avon Lake v. Anderson (1983), 10 Ohio App.3d 297, 299.
Appellant claims the trial court erred in failing to instruct the jury on the "lesser-included offense" of disorderly conduct. as well as assault. R.C. 2903.13 defines assault and provides in part:
 (A) No person shall knowingly cause or attempt to cause physical harm to another[.]
* * *
 (C) Whoever violates this section is guilty of assault.
 A person acts "knowingly" when he is aware that his conduct will probably cause a certain result. R.C. 2901.22(B). Assault on a peace officer is a felony of the fourth degree. R.C. 2903.13(C)(3).
Disorderly conduct is defined in R.C. 2917.11(A) which provides in part:
 (A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:
 (1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;
The degree of the offense of disorderly conduct is determined by R.C. 2917.11(E) which provides:
 Whoever violates this section is guilty of disorderly conduct, a minor misdemeanor, except that if the offender persists in disorderly conduct after reasonable warning or request to desist, or if the offender is within one thousand feet of * * * school premises, * * * disorderly conduct is a misdemeanor of the fourth degree.
This court has previously noted and there is considerable authority to the effect that disorderly conduct as a minor misdemeanor can be a lesser included offense of assault because "common elements are implicit in the conduct that constitutes the offenses." State v. Burgess (1992), 79 Ohio App.3d 584 (citing State v. Reynolds (1985), 25 Ohio App.3d 59). See also State v. Roberts (1982), 7 Ohio App.3d 253. However, these same authorities hold that disorderly conduct as a fourth degree misdemeanor does not meet the third prong of the Deem test because it requires proof of the additional element of failure to desist after warning. See, e.g., Burgess, 79 Ohio App. at 587. See, also, 1 Anderson's Ohio Criminal Practice and Procedure, Table of Lesser Included Offenses (2d ed. 1996), 28-29 (disorderly conduct under R.C. 2917.11[A] characterized as a "possible" lesser included offense of assault under R.C. 2903.13[A]).
The Tenth District Court of Appeals recently revisited this issue and has noted that "inconvenience is a totally distinct concept and also not a part of the concept of physical harm." State v. Neal (Sept. 1, 1998), Franklin App. No. 97APA12-1676, unreported, at 3. That court therefore held that disorderly conduct is not a lesser included offense of assault on a police officer. Id.
Assuming, arguendo, that disorderly conduct can under some factual circumstances meet Deem's three prong test, appellant was not automatically entitled to a jury instruction on disorderly conduct. "The mere fact that an offense can be a lesser included offense of another offense does not mean that a court must instruct on both offenses where the greater offense is charged." State v. Wilkins (1980), 64 Ohio St.2d 382, 387. A charge on the lesser included offense is required only where the evidence at trial would reasonably support an acquittal on the greater crime charged and a conviction on the lesser included offense. State v. Thomas (1988),40 Ohio St.3d 213, paragraph two of the syllabus. An instruction on disorderly conduct therefore should have been given only if (1) the jury could have reasonably concluded that appellant did not knowingly cause or attempt to cause physical harm to Officer McQueen but instead (2) recklessly caused inconvenience, annoyance or alarm by engaging in violent or turbulent behavior. See, e.g., State v. Ingram (Sept. 16, 1998), Summit App. No. 18661, unreported.
The jury could not have reasonably concluded that appellant caused inconvenience and yet did not cause physical harm. Appellant's version of the events did not include causing any inconvenience, annoyance or alarm at all. Appellant testified that he was attacked by the officers from behind; he alleged that he was doing nothing wrong. Clearly, based on appellant's own testimony and defense, a jury instruction on disorderly conduct was not warranted. The jury could not have found appellant guilty of disorderly conduct and not guilty of assault. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED BY PERMITTING THE STATE TO INTRODUCE IRRELEVANT EVIDENCE OF MARIJUANA IN THE ASSAULT CASE WHICH WAS HIGHLY PREJUDICIAL AND IMPROPER.
McQueen testified that as he patted appellant down for officer safety, he felt something in appellant's right pocket consistent with marijuana. Appellant objected to discussion of the marijuana and this objection was initially overruled. McQueen continued to describe how appellant attempted to escape and hit him in the chest. McQueen also testified that as he tried to handcuff appellant, appellant pulled something out of his right pocket and threw it on the ground. Appellant did not object to this testimony.
Later in the questioning, however, the prosecutor attempted to ask McQueen if he had collected any evidence. Appellant objected, stating that unless such evidence went to the assault charge, any probative value would be outweighed by its prejudicial impact. The prosecutor argued that the jury was entitled to learn whether McQueen's observations were confirmed. The trial court sustained appellant's objection, stating that there was no need for "justification for the assault." Although the basis for this ruling is not completely clear, we interpret this as a decision by the trial court that there was no need for proof that the substance that McQueen felt actually was marijuana, as the assault charge was fully justified by the occurrences at the scene regardless of whether any marijuana was retrieved.
A trial court has broad discretion in the admission or exclusion of evidence and its judgment will not be reversed absent a clear showing of an abuse of discretion with attendant material prejudice to the defendant. State v. Hymore (1967), 9 Ohio St.2d 122, certiorari denied, 390 U.S. 1024. The trial court's ruling on the marijuana was well within its discretion. The fact that Officer McQueen felt a substance consistent with marijuana in appellant's pocket was, at least initially, highly relevant to the course of events and the probative value of this testimony was not substantially outweighed by the danger of either unfair prejudice or misleading the jury. See Evid.R. 403. Therefore, appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ALLOWING PROSECUTORIAL MISCONDUCT IN THAT THE PROSECUTOR IS PERMITTED TO CONSISTENTLY IMPUGN THE DEFENDANT'S CHARACTER BY RAISING SPECULATION ABOUT DEFENDANT BEING INVOLVED IN DRUG TRAFFICKING THE NIGHT OF THE ARREST WITH NO BASIS IN FACT IN THE RECORD.
Although appellant alleges that the prosecutor committed "improper character assassination throughout the case," he points specifically only to statements made during closing argument and acknowledges that no contemporaneous objections were made. Failure to object to alleged improper statements made by a prosecutor during closing arguments waives all but plain error. State v. Ballew (1996), 76 Ohio St.3d 244, 25.
It is well-established that the prosecution is normally entitled to a certain degree of latitude in its closing arguments. State v. Smith (1984). 14 Ohio St.3d 13. The test for prosecutorial misconduct is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant. Id. at 14. A closing argument must be read in its entirety to determine prejudice. State v. Hill (1996), 75 Ohio St.3d 195.
In his closing argument, the prosecutor characterized the evidence that had been presented and argued why the testimony of the police officers should be believed over that of appellant. He made only two brief inappropriate comments, to wit:
 You know, it cuts both ways. I'm not asking you to convict this guy because he's got prior trouble, I'm not asking that. You know, because of his prior assault on a police officer, I'm not saying because he did it once that means automatically convict him this time. All I'm saying is that's the kind of person this is, this defendant is that way, that's just it.
This was improper as appellant's prior conviction was only admissible for impeachment, not as substantive evidence of appellant's propensity to commit this or any other crime. See Evid.R. 609. The prosecutor also made a reference to appellant's prior drug trafficking conviction and alleged that appellant was selling drugs on this occasion. There was no evidence of drug selling in the record and appellant was only charged with assault. Although these comments were arguably error, they are not plain error. Plain error is error of such magnitude that but for the alleged error, the outcome of the trial clearly would have been otherwise. See State v. Long (1978), 53 Ohio St.2d 91. Furthermore, notice of plain error is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.
Id.
After thoroughly reviewing the record, and the prosecutor's closing argument in its entirety, we are unable to conclude that the prosecutor's comments, if omitted, would have resulted in a different outcome. Appellant testified concerning his criminal history and prior encounters with McQueen. Appellant's counsel argued that appellant's probationary status was such that appellant would not have risked his freedom by committing this crime. Therefore, the prosecutor's comments were not the only references to appellant's criminal history. Finally, the jury was given proper instructions by the judge on what factors they should consider when deciding the case, and we must assume that the jurors followed the court's instructions. State v. Loza (1994), 71 Ohio St.3d 61. Accordingly, appellant's third assignment of error is overruled.
Assignment of Error No. 4:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT INSTRUCTING THE JURY ON RESISTING ARREST, AND OVERRULING DEFENDANT'S MOTION REGARDING DOUBLE JEOPARDY.
After presentation of the state's case, appellant moved for acquittal because he had been previously convicted in municipal court on a resisting arrest charge arising from the same incident. Appellant argued that his current prosecution therefore subjected him to double jeopardy. This motion was overruled. Appellant later requested that the jury be instructed on resisting arrest as a lesser included offense. This request was denied.
The Double Jeopardy Clause protects against successive prosecutions for the same offense. United States v. Dixon (1993),509 U.S. 688, 696 citing North Carolina v. Pearce (1969), 395 U.S. 711,717; State v. Lovejoy (1997), 79 Ohio St.3d 440, 443. An offense and any lesser included offenses constitute the same offense where neither offense in question requires proof of an additional element which the other does not. Brown v. Ohio (1977), 432 U.S. 161, 166; Blockburger v. United States (1932), 284 U.S. 299, 304; State v. Tolbert (1991), 60 Ohio St.3d 89, 91. If proof of an additional element is required to sustain a conviction for one of the offenses, then the accused may be prosecuted for both offenses without violating the protection afforded by the Double Jeopardy Clause.
Id.
Resisting arrest is not a lesser included offense of assault, and therefore appellant was not subjected to double jeopardy and the trial court correctly refused to instruct the jury on that charge. As indicated in the first assignment of error, assault is defined as follows: "No person shall recklessly cause or attempt to cause physical harm to another * * *[.]" R.C. 2903.13(A). Resisting arrest is defined as follows: "No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another." R.C. 2921.33.
Resisting arrest requires proof that an offender recklessly or by force resisted or interfered with a lawful arrest, while assault does not. Assault, in turn, requires proof that an offender knowingly caused physical harm to another, while resisting arrest does not. Therefore, a person can commit the offense of assault without committing the crime of resisting arrest, and resisting arrest is not a lesser included offense of assault. State v. Ridley (Oct. 27, 1997), Stark App. No. CA00098, unreported. The trial court therefore did not err by overruling appellant's double jeopardy argument for acquittal and by failing to instruct the jury on resisting arrest. Appellant's fourth assignment of error is overruled.
Assignment of Error No. 5:
 THE DEFENDANT APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT HIS TRIAL.
In his final assignment of error, appellant argues that his counsel was ineffective because, knowing of appellant's prior convictions and knowing that appellant was going to testify, trial counsel failed to file a motion in limine to prevent introduction of appellant's prior convictions for assault on a police officer and aggravated drug trafficking.
On a claim of ineffective assistance of counsel, we examine counsel's performance under the standard set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. State v. Reynolds (1998), 80 Ohio St.3d 670, 674. Reversal of a conviction or sentence based upon ineffective assistance requires (1) deficient performance: errors so serious that counsel was not functioning as counsel as guaranteed by the Sixth Amendment of the Constitution, and (2) prejudice: errors so serious as to deprive the defendant of a fair trial. State v. Crane (July 7, 1997), Butler App. No. 96-12-257, unreported (following Strickland, 466 U.S. at 687,104 S.Ct. at 2064); State v. Ballew (1996), 76 Ohio St.3d 195, 211-212.
Questions involving the effectiveness of counsel should be viewed in light of the evidence against the defendant. State v. Hill (1996), 75 Ohio St.3d 195, 211-12. The burden rests upon appellant to show how counsel breached the duty to provide reasonable representation. In re Hannah (1995), 106 Ohio App.3d 766,769. A reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.
Appellant argues that counsel should have filed a motion in limine to prevent the introduction of his prior convictions. However, such convictions were admissible in the trial court's discretion for impeachment purposes under Evid.R. 609. Counsel should perhaps have sought a limiting instruction and objected to the prosecutor's inappropriate reference to appellant's prior convictions during closing. See State v. Harrison (June 30, 1988), Butler App. No. CA87-11-151, unreported. However, as indicated above, we cannot find that appellant was materially prejudiced by these failings. Appellant has not demonstrated that (1) a "reasonable probability exists" that but for appellant's counsel's errors, the result of the proceedings would have been different, and (2) the outcome of the trial "would clearly have been otherwise." State v. Lester (Mar. 9, 1998), Madison App. No. CA97-05-19, unreported. Accordingly, appellant's final assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.