DECISION AND JUDGMENT ENTRY
This is an appeal from an Athens County Common Pleas Court judgment of conviction and sentence. The trial court found Cindy J. Bentley, defendant below and appellant herein, guilty of assault, in violation of R.C. 2903.13(A) and (C)(3).
Appellant raises the following assignment of error for review:
 "IT IS ERROR FOR THE TRIAL COURT TO DENY A MOTION TO DISMISS ON DOUBLE JEOPARDY GROUNDS WHEN THE DEFENDANT HAS ALREADY BEEN CONVICTED AND SENTENCED ON A LESSER-INCLUDED OFFENSE OF THE SAME CHARGE IN MUNICIPAL COURT."
Our review of the record reveals the following facts pertinent to the instant appeal. On July 18, 1999, Athens County Sheriff's Deputy Steve Sedwick responded to a call involving appellant. Appellant allegedly was causing problems with Tia Sheldon.
When the deputy arrived, appellant was yelling, screaming, cussing, and threatening to kill Tia Sheldon. Appellant threw bottles at Sheldon and also threw a stereo to the ground. Although Deputy Sedwick and Deputy Brian Cooper repeatedly warned appellant to calm down, appellant continued to act "persistent disorderly" throughout the entire encounter.
Appellant eventually attempted to leave the premises in a vehicle driven by Steve Graff. As the vehicle's occupants were about to leave the premises, appellant stated to Deputy Sedwick, "what the fuck, can't you move." At that point, Sedwick decided to arrest appellant for disorderly conduct.
When Deputy Sedwick asked appellant to exit the vehicle, she refused. Deputy Cooper then attempted to extricate appellant from the vehicle and appellant became combative. At one point, appellant struck Cooper in the face. Appellant did not cooperate when the officers attempted to place the handcuffs on her. She also spit in Cooper's face.
Appellant was charged with several misdemeanor offenses, including, (1) menacing, in violation of 2903.22; (2) resisting arrest, in violation of R.C. 2921.33; and (3) disorderly conduct, in violation of R.C. 2917.11. On July 28, 1999, appellant entered no contest pleas in the Athens County Municipal Court to the three charges.[1]
On January 18, 2000, the Grand Jury returned an indictment charging appellant with assault on a peace officer, in violation of R.C. 2903.13(A) and (C)(3). Appellant subsequently filed a motion to dismiss the indictment. Appellant asserted that the Double Jeopardy Clause of theFifth Amendment to the United States Constitution barred the state from prosecuting her for the assault on a peace officer charge. Appellant noted that she was previously convicted of resisting arrest, disorderly conduct, and menacing, all stemming from the July 18, 1999 incident. Appellant argued that the felony assault charge arose from the same transaction and that assault on a peace officer is a greater offense of the lesser included offenses of disorderly conduct and resisting arrest. Thus, appellant argued, the Double Jeopardy Clause prohibited the prosecution for assault on a peace officer.
The trial court held a hearing to consider appellant's motion to dismiss the indictment. At the hearing, Deputy Sedwick explained that he decided to arrest appellant for disorderly conduct after he had given her repeated warnings to calm down and after she stated "what the fuck, can't you move." Deputy Sedwick stated that he believed that appellant's persistent use of vulgar language and her threats to Tia Sheldon constituted disorderly conduct.
Deputy Sedwick further testified that appellant also was charged with menacing and with resisting arrest. Sedwick stated that appellant's threat to harm and to kill Tia Sheldon, as well as numerous other threats, constituted the offense of menacing.
Deputy Sedwick testified that the resisting arrest charge resulted from appellant's combative and uncooperative conduct while the officers attempted to arrest her for disorderly conduct. Sedwick further stated that the assault on a peace officer charge resulted from appellant hitting Deputy Cooper in the face.
On June 19, 2000, the trial court denied appellant's motion to dismiss. Appellant subsequently entered a no contest plea. Appellant filed a timely notice of appeal.
In her sole assignment of error, appellant asserts that the trial court erred by failing to grant her motion to dismiss the indictment. Appellant claims that the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution[2] barred the state from prosecuting her for the assault on a peace officer offense because: (1) the same acts form the basis for the assault and for the disorderly conduct and resisting arrest offenses; and (2) the disorderly conduct and resisting arrest offenses constitute lesser included offenses of assault.
The state asserts that the trial court did not err by overruling appellant's motion to dismiss the indictment. The state argues that appellant committed four separate offenses, none of which are lesser included offenses of the others.
The Double Jeopardy Clause states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." "The double jeopardy protections afforded by both the federal and the state Constitutions guard citizens against both successive prosecutions and cumulative punishments for the `same offense.'" State v. Rance (1999),85 Ohio St.3d 632, 624, 710 N.E.2d 699, 702; see, also, United States v.Dixon (1993), 509 U.S. 688, 696, 113 S.Ct. 2849, 2855, 125 L.Ed.2d 556);State v. Lovejoy (1997), 79 Ohio St.3d 440, 443, 683 N.E.2d 1112, 1115
(stating that "the Double Jeopardy Clause protects against successive prosecutions for the same offense"). The case at bar involves the successive prosecution branch of the Double Jeopardy Clause.
In determining whether the successive prosecution branch of the Double Jeopardy Clause bars a subsequent prosecution, a court must apply the test set forth in Blockburger v. United States (1932), 284 U.S. 299,304, 52 S.Ct. 180, 76 L.Ed. 306.[3] In Blockburger, the court stated that in determining whether a subsequent prosecution is barred:
 "[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. * * * `A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'"
Id., 284 U.S. at 304, 52 S.Ct. 180, 76 L.Ed. 306 (citations omitted). InDixon, the Supreme Court further explained the Blockburger test as follows:
 "In both the multiple punishment and multiple prosecution contexts, this Court has concluded that where the two offenses for which the defendant is punished or tried cannot survive the `same-elements' test, the double jeopardy bar applies. See, e.g., Brown v. Ohio, 432 U.S. 161, 168-169, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (multiple punishment); Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489 (1911) (successive prosecutions). The same-elements test, sometimes referred to as the `Blockburger' test, inquires whether each offense contains an element not contained in the other; if not, they are the `same offence' and double jeopardy bars additional punishment and successive prosecution."
Id., 509 U.S. at 696, 113 S.Ct. 2849, 125 L.Ed.2d 556, overrulingGrady v. Corbin (1990), 495 U.S. 508, 110 S.Ct. 2084,109 L.Ed.2d 548.[4]
Thus, the successive prosecution branch of the Double Jeopardy Clause "prohibits the state from trying a defendant for a greater offense after a conviction of a lesser included offense" and from twice trying a defendant for the same offense. See State v. Bickerstaff (1984),10 Ohio St.3d 62, 64, 461 N.E.2d 892, 894 (citing Brown v. Ohio (1977),432 U.S. 161, 52 S.Ct. 180, 76 N.E.2d 187); State v. Tolbert, (1991),60 Ohio St.3d 89, 573 N.E.2d 617, paragraph one of the syllabus (stating that if the Blockburger "test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, the subsequent prosecution is barred").
 "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."
State v. Deem (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus.
Our analysis of appellant's double jeopardy claim begins with a review of the statutes under which appellant was charged. Appellant was charged with assault on a peace officer, menacing, disorderly conduct, and resisting arrest.[5] We first consider appellant's claim that disorderly conduct and resisting arrest are lesser included offenses of assault on a peace officer.
R.C. 2903.13 sets forth the elements of the crime of an assault upon a peace officer:
 (A) No person shall knowingly cause or attempt to cause physical harm to another * * *.
 (C) Whoever violates this section is guilty of assault. * * * *
 (3) If the victim of the offense is a peace officer, a firefighter, or a person performing emergency medical service, while in the performance of their official duties, assault is a felony of the fourth degree.
R.C. 2921.33 sets forth the elements of the crime of resisting arrest:
 "(A) No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another."
We agree with the state that resisting arrest is not a lesser included offense of assault on a peace officer. Resisting arrest contains elements that assault on a peace officer does not. Assault on a peace officer requires that the defendant cause or attempt to cause physical harm to another, while resisting arrest does not contain the element of causing or attempting to cause physical harm to another. As the court explained in State v. Beard (Dec. 14, 1998), Butler App. No. CA98-02-019, unreported:
 "Resisting arrest requires proof that an offender recklessly or by force resisted or interfered with a lawful arrest, while assault does not. Assault, in turn, requires proof that an offender knowingly caused physical harm to another, while resisting arrest does not. Therefore, a person can commit the offense of assault without committing the crime of resisting arrest, and resisting arrest is not a lesser included offense of assault. State v. Ridley (Oct. 27, 1997), Stark App. No. CA00098, unreported."
Therefore, appellant's prior conviction for resisting arrest does not bar appellant's subsequent prosecution for assault. See id. (holding that double jeopardy provision did not bar subsequent prosecution for assault when defendant had been convicted in municipal court of resisting arrest); State v. Ellenburg (July 9, 1998), Pike App. No. 97 CA 597, unreported (holding that double jeopardy did not prohibit subsequent prosecution for assault when defendant convicted in municipal court of resisting arrest).
We also agree with the state that double jeopardy did not bar the subsequent assault prosecution when appellant had been previously convicted of disorderly conduct. R.C. 2917.11 sets forth the elements of the offense of disorderly conduct:
 (A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
 (1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;
 (2) Making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person; (3) Insulting, taunting, or challenging another, under circumstances in which that conduct is likely to provoke a violent response;
 (4) Hindering or preventing the movement of persons on a public street, road, highway, or right-of-way, or to, from, within, or upon public or private property, so as to interfere with the rights of others, and by any act that serves no lawful and reasonable purpose of the offender;
 (5) Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender.
 (B) No person, while voluntarily intoxicated, shall do either of the following:
 (1) In a public place or in the presence of two or more persons, engage in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons of ordinary sensibilities, which conduct the offender, if the offender were not intoxicated, should know is likely to have that effect on others;
 (2) Engage in conduct or create a condition that presents a risk of physical harm to the offender or another, or to the property of another.
While disorderly conduct can be a lesser included offense of assault, it is not always so. As the court explained in State v. Yontz (1999),135 Ohio App.3d 530, 734 N.E.2d 882, 887:
 "A review of case law reveals a split of authority on the issue of whether disorderly conduct is a lesser included offense of assault. Some cases have found disorderly conduct as a lesser-included offense of assault. State v. Burgess (1992), 79 Ohio App.3d 584, 607 N.E.2d 918; State v. Reynolds (1985), 25 Ohio App.3d 59, 495 N.E.2d 971; State v. Roberts
(1982), 7 Ohio App.3d 253, 455 N.E.2d 508. Those cases have held that disorderly conduct as a minor misdemeanor can be a lesser included offense of assault because `common elements are implicit in the conduct that constitutes the offenses.' Roberts, supra, at 255. However, these same cases hold that disorderly conduct as a fourth degree misdemeanor does not meet the third prong of the Deem test because it requires proof of the additional element of persistence or failure to desist after warning.
 In a recent case dealing with an assault on a police officer, the Tenth District Court of Appeals noted that `inconvenience is a totally distinct concept and also not a part of the concept of physical harm.' State v. Neal (Sept. 1, 1998), Franklin App. No. 97APA12-1676, unreported. The court went on to conclude that disorderly conduct is not a lesser included offense of assault. Id. A decision from the Eighth District Court of Appeals is in accord. State v. Crayton (Aug. 17, 1989), Cuyahoga App. No. 55856, unreported."
In the instant case, the record is not clear as to which specific subsection of the disorderly conduct statute appellant was convicted. The motion hearing transcript is replete with references to appellant's "persistent" disorderly conduct. At one point, Deputy Cooper states that he and Deputy Sedwick advised appellant that they were arresting her "for persistent disorderly." As noted above, persistent disorderly conduct is a fourth degree misdemeanor and is not a lesser included offense of assault.[6] We again point out, however, that the municipal court judgment reflects that appellant was convicted of the minor misdemeanor disorderly conduct. Moreover, our review of the record fails to reveal under which subsection of the disorderly conduct statute appellant was convicted. Without this knowledge, we are hampered in our effort to compare the elements and to determine whether appellant's disorderly conduct conviction is a lesser included offense of assault. SeeEllenburg, supra.
Assuming, however, that appellant's disorderly conduct conviction is in fact a lesser included offense of assault, we nevertheless conclude that in the case sub judice, the Double Jeopardy Clause did not bar appellant's subsequent prosecution. "If the offenses charged are separate and distinct because they arise from different transactions, and different evidence is required to prove each, then double jeopardy is not applicable." Elyria v. Rowe (Apr. 11, 2001), Lorain App. No. 00 CA 007700, unreported (citing State v. Johnson (1960), 112 Ohio App. 124,130, 165 N.E.2d 814). In the case at bar, appellant's disorderly conduct conviction was based upon appellant's conduct while in the presence of Tia Sheldon and the officers prior to her arrest. In contrast, the assault upon a peace officer offense occurred afterward and in a separate transaction. After the officers arrested appellant for disorderly conduct, appellant hit Deputy Cooper in the face. This act (i.e. striking Cooper) constitutes a separate act or transaction of assault on a peace officer.
Moreover, different evidence was required to prove each offense. The disorderly conduct conviction did not require the state to prove that appellant hit Deputy Cooper. Instead, appellant's conduct toward Tia Sheldon, including throwing bottles and the stereo, supported the disorderly conduct conviction. We find no evidence in the record to suggest that the state relied upon the same proof to convict appellant of assault on a peace officer charge and the disorderly conduct charge. We conclude, therefore, that the assault on a peace officer and the disorderly conduct charges constituted separate and distinct offenses. Thus, the Double Jeopardy Clause did not prohibit appellant's subsequent prosecution for assault upon a peace officer.
We also find further support for our conclusion that the Double Jeopardy Clause did not bar appellant's subsequent prosecution for assault. Although Ohio courts have been hesitant to apply Rance to the successive prosecution branch of the Double Jeopardy Clause, we believe that it may be appropriate. In Brown, the Supreme Court noted:
 "Where the judge is forbidden to impose cumulative punishment for two crimes at the end of a single proceeding, the prosecutor is forbidden to strive for the same result in successive proceedings."
Brown, 432 U.S. at 166, 97 S.Ct. 2221, 53 L.Ed.2d 187. The converse also would be true: if cumulative punishments are authorized, a successive prosecution is not barred.
Because Rance addressed cumulative punishments, we believe that Rance
can provide guidance to courts when determining whether the Double Jeopardy Clause bars a successive prosecution. Under Rance, cumulative punishment, and thus a successive prosecution, is authorized if offenses of similar import are committed separately or with a separate animus.Id., 85 Ohio St.3d at 636, 710 N.E.2d at 703.
In the case sub judice, assuming, arguendo, that disorderly conduct and assault upon a peace officer are of similar import, we believe that the two offenses were committed separately. As we stated above, appellant committed the disorderly conduct offense when she threw the bottles at Sheldon and when she threw the stereo. Appellant committed the assault on a peace officer offense when she hit Deputy Cooper. Thus, the Double Jeopardy Clause does not prohibit cumulative punishment and it therefore does not prohibit a successive prosecution. See Brown, supra.
At this juncture, however, we wish to note that regardless of our ultimate conclusion in the case sub judice, the fact that appellant was prosecuted on the charges separately, at different times and in different courts, is indeed troubling. We join those courts who have expressed the view that in the interest of judicial efficiency and of fairness, a defendant should answer at one time and in one court for crimes committed at one time and in one place. State v. Moore (1996), 110 Ohio App.3d 649,675 N.E.2d 13, citing State v. Gartrell (1995), 103 Ohio App.3d 588,590, 660 N.E.2d 527, 529 (Painter, J., concurring); see, also, State v.Ellenburg (July 9, 1998), Pike App. No. 97CA597, unreported. Multiple prosecutions, like those in the case sub judice, should be strongly discouraged even though the multiple prosecution may not run afoul of our constitutional guarantees. Once again, defendants should be required to answer at one time and in one court for all crimes committed in a single incident.
Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Concurs in Judgment Opinion.
Evans, J.: Dissents.
[1] We note that the municipal court's judgment entries of conviction and sentence fail to indicate under which specific subsection of the relevant statutes it found appellant guilty. Moreover, no other evidence appears in the record as to which specific subsections appellant was charged and convicted. The court's entries do indicate, however, the degree of the crimes: (1) the menacing offense is a fourth degree misdemeanor; (2) the resisting arrest offense is a second degree misdemeanor; and (3) the disorderly conduct offense is a minor misdemeanor.
[2] The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution is applicable to the states through theFourteenth Amendment. Benton v. Maryland (1969), 395 U.S. 784, 794, 89 S.Ct. 2056,23 L.Ed.2d 707; State v. Tolbert (1991), 60 Ohio St.3d 89, 90,573 N.E.2d 617, 619.
[3] We note that in Rance, the court stated that resort to theBlockburger test is unnecessary when determining whether the double jeopardy provisions prohibit cumulative punishment. Rance, however, did not involve the successive prosecution branch of the Double Jeopardy Clause, and other courts continue to apply Blockburger to determine whether the Double Jeopardy Clause bars a subsequent prosecution. See,e.g., State v. Needum (June 29, 2000), Franklin App. No. 99AP-1371, unreported. Moreover, the Ohio Supreme Court has not explicitly abandoned the Blockburger test as it applies to successive prosecutions.
[4] In Grady, the Court held:
 "[I]n addition to passing the Blockburger test, a subsequent prosecution must satisfy a `same-conduct' test to avoid the double jeopardy bar. The Grady test provides that, `if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted,' a second prosecution may not be had."
Dixon, 509 U.S. at 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (explainingGrady).
[5] Because appellant's assignment of error does contain an argument that menacing is a lesser-included offense of any of the other offenses, we will not consider the menacing charge.
[6] R.C. 2917.11(E) provides:
 (1) Whoever violates this section is guilty of disorderly conduct.
 (2) Except as otherwise provided in division (E)(3) of this section, disorderly conduct is a minor misdemeanor.
 (3) Disorderly conduct is a misdemeanor of the fourth degree if any of the following applies:
 (a) The offender persists in disorderly conduct after reasonable warning or request to desist.