This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Barbara Hammond appeals the judgment of the Avon Lake Municipal Court finding her guilty of failure to drive in continuous lanes. This Court reverses.
 I.
On June 19, 2001, Hammond was involved in a traffic accident resulting in her being charged with failure to use a turn signal, in violation of Sheffield Village Ordinance No. 331.14. Hammond pled not guilty, and the matter proceeded to a bench trial. Before trial, Sheffield Village moved to amend the charge to failure to drive in continuous lanes of traffic. The trial court denied the motion to amend. The trial proceeded, whereupon the trial court found Hammond not guilty of failure to use a turn signal.
After trial, Sheffield Village issued a new charge against Hammond for failure to drive in continuous lanes, based upon the traffic accident of June 19, 2001. See Sheffield Village Ordinance No. 331.08. Hammond pled not guilty, and filed a motion to dismiss the new charge as violative of the double jeopardy clause. The trial court denied the motion. The matter proceeded to trial, and Hammond was found guilty of failure to drive in continuous lanes.
Hammond has timely appealed, asserting a sole assignment of error.
 II. ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS ON GROUNDS OF DOUBLE JEOPARDY.
In her sole assignment of error, Hammond claims that her conviction for failure to drive in continuous lanes was violative of the double jeopardy clause. This Court agrees.
The double jeopardy clause precludes subjecting a defendant to trial more than once for the commission of an offense. Fifth Amendment to the United States Constitution; Article I, Section 10 of the Ohio Constitution. To determine whether criminal offenses are the "same offense" for purposes of the double jeopardy clause a "same elements" test provides the appropriate standard:
"[A] person may not be subjected to multiple prosecutions when proof of the one offense is necessary, as a practical matter, to prove the other, and both completed offenses arose out of the same criminal conduct.
Basically, two questions may be posed in arriving at the solution to the ultimate issue presented here. One is whether the offenses of robbery and involuntary manslaughter are distinguishable under the Blockburger
standard; i.e., do each of the crimes of robbery and involuntary manslaughter require proof of a fact which the other does not
Two, there being a less serious offense for which the defendant has been previously tried, is the state prohibited from relitigating the factual issues already resolved in the prior trial, or do the facts of this case present an exception to the general rule prohibiting multiple prosecutions?" State v. Thomas (1980), 61 Ohio St.2d 254, 261. See, also,Blockburger v. United States (1932), 284 U.S. 299; State v. Tolbert
(1991), 60 Ohio St.3d 89.
In short, the double jeopardy clause "protects a person who has been acquitted from having to run the gauntlet a second time." State v.Lovejoy (1997), 79 Ohio St.3d 440, 443.
The offense of failure to drive in continuous lanes requires operation of a motor vehicle and changing lanes without ascertaining that the lane change can be made with safety. Sheffield Village Ordinance No. 331.08. The offense of failure to use a turn signal includes all of the foregoing elements, with the added element of changing lanes without giving the appropriate signal. Sheffield Village Ordinance No. 331.14. The solitary difference between the offenses is the added element of the turn signal in the failure to use a turn signal ordinance, otherwise the offenses are identical. Hammond was tried and acquitted of failure to use a turn signal, and thereafter was charged with failure to drive in continuous lanes. Accordingly, the offenses connote the "same offense" for purposes of the double jeopardy clause, thereby rendering Sheffield Village's second prosecution barred. See Blockburger, supra, at 304 ("[T]he test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.").
 III.
Hammond's assignment of error is sustained. The judgment of conviction for failure to drive in continuous lanes is barred by the double jeopardy clause and is, therefore, reversed.
SLABY, P.J., WHITMORE, J. CONCUR.