**The STATE of Ohio**

v.

**KIMBLE.**

2003-Ohio-2779.]

Court of Common Pleas of Ohio,
Medina County.

No. 02–CR–0319.

Decided April 2, 2003.

Mathew Razavi, Medina County Assistant Prosecuting Attorney, for plaintiff.
Shayne Oehlhof, for defendant.

JAMES L. KIMBLER, Judge.

## PROCEDURAL HISTORY

{¶ 1} Defendant Sonia Kimble was involved in a motor vehicle accident on July 14, 2002. On August 14, 2002, she was indicted in the Medina County Court of Common Pleas for one count of endangering children in violation of R.C. 2919.22(C)(1), (E)(5)(b), a felony of the fifth degree, and for three counts of endangering children in violation of R.C. 2919.22(C)(1), (E)(5)(a), misdemeanors of the first degree. On November 22, 2002, the defendant entered a plea of no contest to all charges of endangering children before this court. She was found guilty and is now awaiting sentencing in this matter.

{¶ 2} Stemming from the same accident, the defendant was cited by the Ohio State Highway Patrol for operating a motor vehicle under the influence of alcohol ("OMVI") and a seatbelt-required violation. The defendant was arraigned on these charges in Medina Municipal Court on August 28, 2002. On December 9, 2002, the defendant pled no contest to driving while under the influence, a violation of R.C. 4511.19(A)(1), and the seatbelt charge was dismissed. She was found guilty of the OMVI charge and then sentenced on February 10, 2003.

{¶ 3} This court ordered and the parties submitted briefs concerning whether there had been a violation of the defendant's right against double jeopardy.

## STATEMENT OF THE FACTS

{¶ 4} The defendant was involved in a motor vehicle accident on July 14, 2002.

{¶ 5} She has received from the Medina Municipal Court the following sentence: a fine of $300, a driver's license suspension for six months, three days in

jail, and she was given credit for three days due to her attendance at the 72–Hour DUI Program.

## CONCLUSIONS OF LAW

{¶ 6} The Double Jeopardy Clause of Fifth Amendment to the United States Constitution states, "No person shall be * * * subject for the same offense to be twice put in jeopardy of life or limb." This amendment is applied to the states through the Fourteen Amendment to the United States Constitution.

{¶ 7} Section 10, Article I of the Ohio Constitution similarly states that "no person shall be twice put in jeopardy for the same offense."

{¶ 8} The Supreme Court held that when the same act or transaction constitutes a violation of two distinct statutes, the test to be applied to determine whether there are two offenses for the purpose of the Double Jeopardy Clause of the United States Constitution is whether each statute requires proof of an additional fact that the other does not. *Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306.

{¶ 9} The Supreme Court stated that although a defendant is normally entitled to have charges on a greater and lesser offense resolved in one proceeding, there is no violation of the Double Jeopardy Clause when he elects to have the two offenses tried separately and persuades the trial court to honor his election. *Jeffers v. United States* (1977), 432 U.S. 137, 152, 97 S.Ct. 2207, 53 L.Ed.2d 168.

{¶ 10} R.C. 2919.22(C)(1) states, "No person shall operate a vehicle, streetcar, or trackless trolley within the state in violation of division (A) of section 4511.19 of the Revised Code when one or more children under eighteen years of age are in the vehicle, streetcar, or trackless trolley. Notwithstanding any other provision of law, a person may be convicted at the same trial or proceeding of a violation of this division and a violation of division (A) of section 4511.19 of the Revised Code that constitutes the basis of the charge of the violation of this division. For purposes of section 4511.191 of the Revised Code and all related provisions of law, a person arrested for a violation of this division shall be considered to be under arrest for operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse or for operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine."

{¶ 11} " 'An exception to the *Blockburger* test exists where the state is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence.' " *State v. Goodman,* 9th Dist. No. 3220–M, 2002-Ohio-818, 2002 WL 274639, ¶ 18, quoting *State v. Tolbert* (1991), 60 Ohio St.3d 89, 573 N.E.2d 617, paragraph two of the syllabus.

{¶ 12} It was held that "a defendant was placed in jeopardy at the time the trial court exercised its discretion to accept a no contest plea." *State ex rel. Sawyer v. O'Connor* (1978), 54 Ohio St.2d 380, 382, 8 O.O.3d 393, 377 N.E.2d 494.

## HOLDING

{¶ 13} Double jeopardy does attach to the Medina Municipal Court charge, as the defendant pled to the Medina Court of Common Pleas Child Endangering violations first. This court will sentence the defendant for the four counts of child endangering.

## DISCUSSION

{¶ 14} The Double Jeopardy Clause of the Fifth Amendment provides a criminal defendant with three basic protections: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense. *State v. Goodman*, supra.

{¶ 15} Under the *Blockburger* test, when the same act or transaction constitutes a violation of two distinct statutes, each statute "requires proof of an additional fact which the other does not." *Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306.

{¶ 16} Here, the violation of R.C. 4511.19 is a lesser-included offense of R.C. 2919.22. There are no additional facts needed to prove R.C. 4511.19 that are also not needed to show R.C. 2919.22. Then under the *Blockburger* test, double jeopardy would attach to one of the charges.

{¶ 17} The state argues that an exception exists when it is unable to "proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence." *State v. Goodman*, supra.

{¶ 18} Here, all of the facts could or should have been known at the onset of the case. The state could or should have known that the defendant was operating a motor vehicle under the influence of a statutorily illegal amount of alcohol and that there were children in the vehicle at the time of such operation. The exception to the *Blockburger* test clearly does not apply in this case.

{¶ 19} Under *Jeffers v. United States*, a defendant who seeks permission and is granted such permission to have separate proceedings for different charges stemming from the same course of conduct may not invoke his right against

double jeopardy. *Jeffers v. United States* (1977), 432 U.S. 137, 152, 97 S.Ct. 2207, 53 L.Ed.2d 168. It appears that the state could have joined the two charges together at the onset and that the defendant did not use the "Double Jeopardy Clause as a sword" to avoid prosecution of more serious charges. The defendant did not seem to have any actual control over how the charges from the July 14, 2002 incident were resolved. It was within the state's discretion to try the cases together which they did not elect to do.

{¶ 20} In *State v. Goodman,* the Ninth District Court of Appeals ruled that Jeopardy attaches upon a court's acceptance of a no contest plea. *State v. Goodman,* supra. The Ninth District Court relied on the Ohio Supreme Court's decision in *State ex rel. Sawyer v. O'Connor,* where it was held that a defendant was placed in jeopardy at the time the trial court exercised its discretion to accept a no contest plea. *State ex rel. Sawyer v. O'Connor* (1978), 54 Ohio St.2d 380, 382, 8 O.O.3d 393, 377 N.E.2d 494.

{¶ 21} Here, the defendant pled no contest to endangering children on November 22, 2002, in this court. It was not until December 9, 2002 that the defendant pled no contest in Medina Municipal Court. Double jeopardy attaches to the Medina Municipal Court charge, as it followed the no contest plea in the Medina County Court of Common Pleas.

## ORDER

{¶ 22} Double jeopardy attaches to the defendant's violation of R.C. 4511.19(A)(1) in municipal court. This matter will come before the Medina County Court of Common Pleas for sentencing consistent with this order.

{¶ 23} SO ORDERED.

Judgment accordingly.