JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Richard A. Jones, Jr., appeals from the judgment of the common pleas court finding him guilty of failure to comply with an order or signal of a police officer, with a penalty-enhancing specification of causing a substantial risk of serious physical harm, in violation of R.C. 2921.331.
 {¶ 2} The facts are undisputed. On August 9, 2006, two Cleveland police officers on patrol heading westbound on St. Clair Avenue approached East 140th Street. Jones, who was traveling eastbound on St. Clair, approached the same intersection and, failing to yield to oncoming traffic, turned northbound onto East 140th, nearly hitting the police officers.
 {¶ 3} The officers followed Jones, who was driving erratically, and stopped him. As the officers exited their vehicle, Jones fled at a high rate of speed. The officers gave chase as Jones traveled through Cleveland, portions of Cuyahoga County, Wickliffe, Willoughby, and eventually into Eastlake in Lake County.
 {¶ 4} Jones eventually crashed his vehicle and fled on foot. After receiving an anonymous tip, Eastlake police officers apprehended Jones, who was hiding in a shed. The parties agree that the pursuit began in Cleveland, ended in Eastlake, and constituted one continuous course of conduct.
 {¶ 5} The city of Eastlake charged Jones with violation of various Eastlake traffic offenses. A month later, based on the same continuous course of conduct, a *Page 4 
Cuyahoga County grand jury indicted Jones for failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331.
 {¶ 6} Jones subsequently plead guilty in Willoughby Municipal Court to violation of Eastlake Codified Ordinance 333.02(a)(2), operation in willful or wanton disregard of safety, a misdemeanor of the first degree. The court sentenced him to a $250 fine and costs. In this case, after the trial court denied his motion to dismiss on the basis of double jeopardy, Jones entered a no contest plea to the failure to comply charge. The court sentenced him to one year of community control sanctions, fees and costs.
 {¶ 7} On appeal, Jones argues that the trial court erred in denying his motion to dismiss. Specifically, Jones contends that operation in willful or wanton disregard of safety is a lesser included offense of failure to comply with the order or signal of a police officer and, therefore, his conviction in municipal court is a double jeopardy bar to a subsequent prosecution for failure to comply with the order or signal of a police officer.
 {¶ 8} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Our federal and state Constitutions protect citizens from successive prosecutions for the same offense. State v. Rance, 85 Ohio St.3d 632, 634, 1999-Ohio-291. *Page 5 
 {¶ 9} To determine if a prior conviction is a bar to a subsequent prosecution, a court applies the test set forth in Blockburger v.United States (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306: "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. *** `A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'" Id. (citations omitted.)
 {¶ 10} The Ohio Supreme Court has held that a subsequent prosecution is barred when the Blockburger test reveals that one offense is a lesser included offense of the other. State v. Tolbert (1991),60 Ohio St.3d 89, paragraph one of the syllabus.
 {¶ 11} Recently, in State v. Fairbanks, ___ Ohio St.3d ___,2008-Ohio-1470, the Ohio Supreme Court addressed the very question raised by this appeal, and held that reckless operation in willful or wanton disregard of the safety of persons or property is not a lesser included offense of failure to comply with the order or signal of a police officer, even with the penalty-enhancing specification of causing a substantial risk of harm. The Supreme Court found that "a person can commit failure to comply without also committing the offense of reckless operation." Id. *Page 6 
at ¶ 10. It further found that although the addition of the felony specification of causing a substantial risk of serious physical harm "may create an overlap of the proof offered to establish the two offenses, adding the felony specification does not change the fact that the two offenses have different elements such that each requires proof of a fact that the other does not." Id. at ¶ 12. The Supreme Court held that, because reckless operation is not a lesser included offense of failure to comply with the order or signal of a police officer, "a conviction for failure to comply with an order or signal of a police officer *** with the additional specification that the offender's operation of the motor vehicle caused a substantial risk of serious physical harm to persons or property *** is not barred by a prior conviction for reckless operation *** arising out of the same incident." Id. at ¶ 5.
 {¶ 12} Accordingly, the trial court did not err in denying Jones' motion to dismiss and his assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, P.J., and MELODY J. STEWART, J., CONCUR *Page 1