DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Lee Gurnick, appeals from the decision of the Lorain County Court of Common Pleas finding him guilty of one count of Non-Support of Dependents. We affirm.
{¶ 2} In April 1990, a complaint was filed in the Lorain County Court of Common Pleas, Domestic Relations Division, to establish paternity of a minor child born in 1988. Defendant was subsequently declared the father of the minor child, and a child support order was established against Defendant.
{¶ 3} On June 21, 2001, a Motion to Show Cause was filed against Defendant, and on November 20, 2001, the trial court found Defendant in contempt of court for failing to pay his child support obligation as previously ordered by the court. On this date, the trial court imposed a suspended 30-day jail sentence upon Defendant, and he was ordered to pay a $500.00 lump sum on or before January 22, 2002. The order also stated that if Defendant failed to purge himself of the contempt, he would be required to appear at a sentencing hearing before the judge on January 29, 2002. Defendant did not pay the $500.00 sum, and he appeared before the trial court on January 29, 2002, where the prior 30-day suspended sentence was imposed.
{¶ 4} On November 14, 2003, the Lorain County Grand Jury indicted Defendant on one count of Non-Support of Dependents, a violation of R.C.2919.21(B), a felony of the fifth degree. Defendant filed a motion to dismiss on April 14, 2004, which was denied on June 23, 2004. Defendant entered a plea of no contest to the indictment on September 9, 2004, and was found guilty by the trial court. On November 15, 2004, Defendant was sentenced to four years of community control sanctions, ordered to assume the prosecution costs, make restitution in the amount of $10,846.70 and pay a monthly supervision fee. Defendant appealed on December 13, 2004, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I
"The trial court erred in allowing the continued prosecution of [D]efendant, who had already been put in jeopardy (and jail) for the same offense. The state elected its remedy when it jailed him without an opportunity to purge, thus making it criminal contempt, and therefore concluding the matter, as indeed the journal entry read."
{¶ 5} In his first assignment of error, Defendant argues that his prosecution for the criminal charge of non-support was barred by double jeopardy, and that the jail sentence imposed by the trial court constituted criminal contempt. We disagree.
{¶ 6} "The threshold question in a double jeopardy analysis * * * is whether the government's conduct involves criminal punishment." State v.Williams (2000), 88 Ohio St.3d 513, 528; see, also Hudson v. UnitedStates (1997), 522 U.S. 93, 101, 139 L.Ed.2d 450. Whether a contempt proceeding is criminal or civil depends on the character and purpose of the contempt sanction. Brown v. Executive 200, Inc. (1980),64 Ohio St.2d 250, 253. Where the contempt is criminal in nature, the contemnor is usually given an unconditional prison sentence, "as punishment for the completed act of disobedience and to vindicate the authority of the law and the court." Id. at 254. In civil contempt proceedings, on the other hand, prison sentences are usually conditional; they terminate when the contemnor agrees to obey the court's order. Id. at 253. Punishment imposed upon an adjudication of civil contempt must afford the contemnor an opportunity to purge himself of contempt. Fry v.Fry (1989), 64 Ohio App.3d 519, 523.
{¶ 7} If we assume, arguendo, that Defendant's incarceration was criminal contempt, this Court finds there was no double jeopardy violation because each proceeding required proof of additional facts which the other did not. In Blockburger v. United States (1932),284 U.S. 299, 304, 76 L.Ed 306, the United States Supreme Court established the following standard which an appellate court must apply in order to determine whether a criminal prosecution is barred by double jeopardy:
"The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of fact which the other does not. * * * `A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'" (Internal citations omitted.)
{¶ 8} "The Blockburger test `inquires whether each offense contains an element not contained in the other; if not, they are the `same offense' and double jeopardy bars additional punishment and successive prosecution.'" State v. Jones (June 19, 1995), 12th Dist. No. CA94-11-094, at 6, quoting United States v. Dixon (1993), 509 U.S. 688,125 L.Ed 2d 556. See, also, State v. Tolbert (1991), 60 Ohio St.3d 89, paragraph one of the syllabus.
{¶ 9} R.C. 2919.21(B) provides: "No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support." In addition, R.C. 2919.21(G)(1) states: A charge under division (B) is a misdemeanor of the first degree. R.C. 2919.21(G)(1). However, the charge is elevated to a fifth degree felony if the accused failed to provide support "for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks[.]" Id. The twenty-six weeks need not be consecutive. Id.
{¶ 10} We are additionally persuaded by the reasoning of the Eleventh District Court of Appeals in State v. Rogers (Dec. 23, 1994), 11th Dist. No. 93-L-180. In Rogers, the Court analyzed whether successive prosecutions for contempt and criminal nonsupport violated the constitutional guarantees against double jeopardy. After applying theBlockburger test, the Court held that double jeopardy principles do not bar separate prosecutions for contempt and criminal nonsupport because each offense requires proof of an element which the other does not. Id at 6-7. The Court stated, "The criminal contempt required proof that appellant failed to comply with the court order, and nonsupport required proof that appellant failed to adequately support his son." Id at 7.
{¶ 11} In the case sub judice, Defendant's failure to provide support for his daughter is sufficient to sustain a conviction for criminal nonsupport and a finding of contempt by the domestic relations court. The contempt action brought by the lower court only required proof that Defendant knew of the support order issue by the domestic relations court and that he intentionally failed to comply with its terms, while the criminal nonsupport charge required proof that Defendant failed to provide support for his daughter for twenty-six of one hundred four consecutive weeks. The elements of these two offenses are separate and distinct such that criminal nonsupport and contempt must be considered different crimes for purposes of double jeopardy. See, Rogers at 7;Jones at 9; State v. Yacovella (Feb. 1, 1996), 8 Dist. No. 69487, at 10.
{¶ 12} Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II
"It was error for the trial court to fail to dismiss the indictment against [Defendant] under the doctrine of res judicata. The State had previously elected its remedy when it jailed [Defendant] for an unconditional term on January 29, 2002."
{¶ 13} In his second assignment of error, Defendant asserts that the doctrine of res judicata bars his prosecution for violating R.C. 2919.21, as he was previously held in contempt for non-compliance with a court order by the Domestic Relations Division of Lorain County Court. We find this argument to be meritless.
{¶ 14} The Ohio Supreme Court has stated:
"Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis omitted.)State v. Perry (1967), 10 Ohio St. 2d 175, at paragraph nine of the syllabus.
{¶ 15} This Court has previously ruled on the issue of res judicata in non-support of dependents cases in an almost factually identical case inState v. Widman (May 16, 2001), 9th Dist. No. 00CA007681. In Widman, the defendant was found in contempt of court by Lorain County Court of Common Pleas, Domestic Relations Division, and was ordered to be incarcerated for 60 days. After serving three days in jail, he was released after making a payment towards his outstanding child support. Widman was subsequently prosecuted for one count of non-support of dependents, in violation of R.C. 2919.21. He filed a motion to dismiss the indictment, arguing it was barred by res judicata. The trial court denied Widman's motion to dismiss, and he later changed his plea of not guilty to no contest, and the trial court entered a judgment of conviction to the one count of non-support of dependents. As this Court previously held inWidman:
"[T]he specific parameters of Perry do not extend to using the doctrine as a shield against allegedly redundant convictions. Accordingly, the trial court properly denied [Defendant's] claim that his conviction was barred by res judicata." Id. at 3.
{¶ 16} Therefore, Defendant's second assignment of error is not well taken.
{¶ 17} We overrule Defendant's two assignments of error and affirm the judgment of the Lorain County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J. Moore, J. concur