DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant the State of Ohio has appealed from a decision of the Wayne County Court of Common Pleas that dismissed its felony nonsupport case against Defendant-Appellee Marion W. Miller. This Court reverses.
 I {¶ 2} On May 3, 2000, the Wayne County Court of Common Pleas ordered Defendant-Appellee Marion W. Miller to pay child support for his two minor children. In November of 2000, the Wayne County Child Support Enforcement Agency referred the enforcement of the child support obligation to Defendant's state of residence, South Carolina.
 {¶ 3} On January 8, 2004, Defendant was indicted in the Wayne County Court of Common Pleas on two counts of felony nonsupport in violation of R.C. 2919.21(B), both felonies of the fifth degree. The indictment stated that Defendant failed to provide support for his two children as ordered by an Ohio court order and that said "failure to provide support includes a total accumulated period of twenty-six (26) weeks out of one hundred four (104) consecutive weeks[.]" See R.C. 2919.21(G)(1). Since Defendant was living in South Carolina a warrant was issued for his arrest.
 {¶ 4} On July 9, 2004, Defendant was arrested in South Carolina for contempt of court for failing to pay his child support obligation; South Carolina was enforcing the Ohio child support order. On July 15, 2004, in Anderson County, South Carolina Family Court, Defendant was found in contempt of court for failing to pay child support. The South Carolina court ordered Defendant confined to the county detention center for up to 12 months or until he purged his contempt by paying $20,740.49. The South Carolina court also noted that Defendant had an outstanding Ohio warrant and it ordered that he not be released until an extradition hearing was held.
 {¶ 5} In early February 2005, Defendant was brought from South Carolina to Ohio on his felony nonsupport warrant. On February 9, 2005, Defendant entered "Not Guilty" pleas to both counts of the indictment. On March 30, 2005, Defendant filed a motion to dismiss the indictment and Plaintiff-Appellant the Court of Appeals of Ohio, Ninth Judicial District State of Ohio responded in opposition to the motion. On May 20, 2005, the trial court granted Defendant's motion to dismiss. The trial court dismissed the indictment with prejudice because it found that Defendant's contempt of court for nonsupport in South Carolina was criminal in nature and that the doctrine of dual sovereignty did not apply.
 {¶ 6} The State has appealed the dismissal, asserting two assignments of error, which have been rearranged for ease of analysis.
 II Assignment of Error Number Two
"THE TRIAL COURT ERRED IN DISMISSING THE INDICTMENT FOR CRIMINAL NON SUPPORT OF DEPENDENTS ON DOUBLE JEOPARDY GROUNDS WHEN FELONY CRIMINAL NON SUPPORT REQUIRES PROOF OF AN ADDITIONAL ELEMENT NOT REQUIRED IN THE CONTEMPT PROCEEDING."
 {¶ 7} In its second assignment of error, the State has argued that double jeopardy does not apply because Defendant's contempt for nonsupport and felony nonsupport are two separate, distinct offenses. Specifically, the State has argued that felony nonsupport requires an additional factual element. We agree.
 {¶ 8} Defendant's contempt hearing and violation in South Carolina stemmed from R.C. 2919.21(B). Pursuant to R.C.2919.21(B), "No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support."
 {¶ 9} The felony nonsupport indictment against Defendant is rooted in R.C. 2919.21(B), but also includes additional language concerning the length of the violation. R.C. 2919.21(G)(1) provides:
"Except as otherwise provided in this division, whoever violates division (A) or (B) of this section is guilty of nonsupport of dependents, a misdemeanor of the first degree. If the offender * * * has failed to provide support under division (A)(2) or (B) of this section for a total accumulated period oftwenty-six weeks out of one hundred four consecutive weeks,whether or not the twenty-six weeks were consecutive, then theviolation of division (A)(2) or (B) of this section is a felonyof the fifth degree." (Emphasis added).
 {¶ 10} Assuming arguendo that Defendant's contempt in South Carolina was criminal contempt, this Court finds no double jeopardy violation because the felony nonsupport proceeding required additional facts not required for the South Carolina contempt proceeding. See State v. Gurnick, 9th Dist. No. 04CA008617, 2005-Ohio-3630. In Gurnick, this Court addressed the same issue currently before us. Like our Defendant, Mr. Gurnick argued that double jeopardy barred a felony nonsupport prosecution because he was already charged for contempt regarding the same act of failure to pay child support. We disagreed with Mr. Gurnick and we disagree with the same assertions by Defendant in the instant matter.
 {¶ 11} In Gurnick, we found that double jeopardy did not apply because pursuant to R.C. 2919.21(G)(1) felony nonsupport requires an additional element. Gurnick at ¶ 11. Using the double jeopardy test in Blockburger v. United States (1932),284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306, we held that:
"[t]he contempt action brought by the lower court only required proof that Defendant knew of the support order issued by the domestic relations court and that he intentionally failed to comply with its terms, while the criminal nonsupport charge required proof that Defendant failed to provide support for his daughter for twenty-six of one hundred four consecutive weeks. The elements of these two offenses are separate and distinct such that criminal nonsupport and contempt must be considered different crimes for purposes of double jeopardy." (Citations omitted). Gurnick at ¶ 11.
 {¶ 12} We find our holding in Gurnick applies in the instant case and we hold that Defendant's felony nonsupport prosecution was not barred by double jeopardy. His contempt in South Carolina required less factual elements than his felony nonsupport prosecution in Ohio. Defendant's contempt finding in South Carolina only required a showing that Defendant failed to pay his child support as ordered by the court; his felony nonsupport charge in Ohio requires the same failure to pay, but also requires the additional element of Defendant failing to pay the support for a specific period of time. See Gurnick at ¶ 11. Accordingly, Wayne County can prosecute Defendant for felony nonsupport. The State's second assignment of error has merit.
 Assignment of Error Number One
"THE TRIAL COURT ERRED IN DISMISSING THE INDICTMENT FOR CRIMINAL NON SUPPORT OF DEPENDENTS ON DOUBLE JEOPARDY GROUNDS WHEN THE DOCTRINE OF DUAL SOVEREIGNTY APPLIED."
 {¶ 13} In its first assignment of error, the State has argued that the trial court erred when it dismissed the indictment against Defendant on double jeopardy grounds. Specifically, the State has argued that the doctrine of dual sovereignty applies and therefore, double jeopardy is not an issue.
 {¶ 14} Given this Court's resolution of the State's second assignment of error, we decline to address the State's first assignment of error. See App.R. 12(A)(1)(c).
 III {¶ 15} The State's second assignment of error is sustained. We decline to address the State's first assignment of error. The judgment of the trial court is reversed and remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Carr, P.J. and Boyle, J., concur.